SAVIO HOUSE and Continental Casualty Company, Petitioners,

v.

Viola M. DENNIS and The Industrial Commission of the State of Colorado, Respondents.

No. 82CA0746.

Colorado Court of Appeals, Div. II.

Jan. 20, 1983.

Rehearing Denied March 3, 1983.

Certiorari Denied June 27, 1983.

Knapp & Lee, Robert A. Weinberger, Denver, for petitioners.

Glasman, Jaynes & Carpenter, Ronald C. Jaynes, Denver, for respondent Viola M. Dennis.

J.D. MacFarlane, Atty. Gen., Alice L. Parker, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

PIERCE, Judge.

In this workmen's compensation case, Savio House and Continental Casualty Company (petitioners) seek review of a final order of the Industrial Commission awarding claimant permanent total disability benefits. We affirm.

Claimant sustained compression fractures of her vertebrae on August 13, 1976, while working as a housekeeper at a boys' home. Her orthopedic specialist gave her a permanent partial disability rating of 5 percent as a working unit, and in May 1978, petitioners admitted liability for 5 percent as a working unit.

On February 15, 1979, claimant filed a petition to reopen her claim contending that her condition had worsened. The petition was accompanied by a letter from her orthopedist stating that claimant was suffering from moderately severe to severe osteoporosis, a degenerative bone condition. The doctor opined that claimant was totally disabled from performing any work involving standing, stooping, or lifting over five pounds.

At a hearing on her petition, claimant testified that she had held various jobs since 1928, and had worked for the boys' home for 10 years prior to her injury. She stated that she had not had any problem with her back until the accident. Claimant also testified that her condition had gotten worse after May 1978. Specifically, she became less able to bend over, reach, or lift and was in constant pain. Claimant testified that she had been disabled from working at the home after November 1976.

Claimant's doctor testified that the percentage of claimant's disability attributable to the compression fractures had not increased since his initial rating of 5 percent. He stated that the subsequent disability was attributable to claimant's extensive osteoporosis which had substantially increased her chances of incurring additional compression fractures during bending, stooping, and lifting activities.

The referee found that the claimant's condition had worsened since the date of petitioners' admission of liability and was continuing to worsen. He also found that claimant had worked steadily without significant or disabling back symptoms prior to the accident in August 1976. The referee concluded that claimant was totally disabled as a result of her "industrial injury in conjunction with her general physical condition of extensive osteoporosis and upon consideration of her advanced age of 70, her education which is limited to high school and her past work experience...." The referee found that claimant's total disability was fairly attributable to the industrial accident. The Commission affirmed and adopted the findings of the referee.

Petitioners argue that the only medical evidence established that claimant's deteriorated condition was the result of her osteoporosis, not the industrial accident. Thus, petitioners contend that the Commission erred in reopening the claim and in awarding additional benefits because claimant had failed to establish, "by credible medical testimony," that her condition was caused by her industrial injury. We disagree.

In order to recover workmen's compensation benefits a claimant must demonstrate that the disability was "proximately caused by an injury ... arising out of and in the course of employment." Section 8–52–102(1)(c), C.R.S.1973 (1982 Cum.Supp.). Whether the claimant has established causation is a question of fact, the determination of which is within the determination of the fact finder. *Wierman v. Tunnell,* 108 Colo. 544, 120 P.2d 638 (1941). If the findings are supported by substantial evidence, they are binding upon appellate review. *Casa Bonita Restaurant v. Industrial Commission,* 624 P.2d 1340 (Colo.App.1981).

Contrary to the assertions of petitioners, substantial evidence of causation is not restricted to credible medical testimony. *In-*

*dustrial Commission v. Havens,* 136 Colo. 111, 119, 314 P.2d 698 (1957); *see Colorado Fuel & Iron Corp. v. Industrial Commission,* 151 Colo. 18, 379 P.2d 153 (1962).

Claimant's testimony as outlined above was sufficient to establish with reasonable probability that her condition had worsened, and that the worsening was attributable to the accident.

The fact that claimant's orthopedist attributed claimant's increasing disability to osteoporosis is not determinative. Even undisputed expert testimony is not necessarily conclusive on the Commission in its fact-finding role. *Casa Bonita Restaurant v. Industrial Commission, supra.*

Petitioners argue that Industrial Commission Rule XII(3), 7 Code Colo.Reg. 1101–3 at 5, requires that claimant produce medical proof that her disability was caused by the industrial injury. The rule provides that an applicant petitioning to reopen a claim on grounds of changed condition must submit a physician's report showing, among other things, "whether or not the impairment is due to the injury for which reopening is sought." The rule further provides that, if an applicant fails to provide the report, the "Director [of the Division of Labor] may deny the Petition to Reopen."

The cited rule only establishes a procedure to be used by applicants petitioning to reopen their claims, and gives the director authority to dismiss petitions unsupported by a medical report. The rule does not purport to establish an evidentiary standard requiring proof of causation by credible medical testimony. We decline to assign to the rule a meaning which the Commission itself has not adopted. *See Timberline Sawmill & Lumber Inc. v. Industrial Commission,* 624 P.2d 367 (Colo.App.1981).

Order affirmed.

SMITH and TURSI, JJ., concur.