**GROUND WATER COMMISSION and James R. Clark, Division Engineer, Water Division No. 1, Appellants,**

**v.**

**Clifford J. SHANKS and Elsie P. Shanks, Appellees.**

**No. 81SA255.**

Supreme Court of Colorado, En Banc.

Jan. 24, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., David Aschkinasi, Asst. Atty. Gen., Denver, for appellants.

Callahan & Callahan, Thomas J. Callahan, Wray, for appellees.

Moses, Wittemyer, Harrison & Woodruff, P.C., David M. Brown, Boulder, for The Pioneer Irr. Districts of Yuma County, Colo. and Dundy County, Neb., amicus curiae.

ERICKSON, Justice.

The Colorado Ground Water Commission appealed an order by the District Court in and for Water Division 1 which denied a motion for relief from a void judgment, C.R.C.P. 60(b). The Commission asserted that our opinion in *State ex rel. Danielson v. Vickroy,* 627 P.2d 752 (Colo.1981), precluded the water court from exercising jurisdiction in a request for an alternate point of diversion from a stream diversion to a well diversion within a designated ground water basin. The water court agreed with the Ground Water Commission that *Vickroy* was applicable, but refused to apply retrospectively the policy which we announced in *Vickroy.* We affirm the decision of the water court.

## I.

In 1979 Clifford and Elsie Shanks filed an application for an alternate point of diver-

sion in the water court. Section 37–92–302, C.R.S.1973. They sought approval in the water court of an alternate point of diversion from the Boden Ditch on the left bank of the South Fork of the Republican River in Kit Carson County, Colorado, to a well site in Yuma County, Colorado. The well site was within the Northern High Plains Designated Ground Water Basin established by the Colorado Ground Water Commission in 1966. *See Pioneer Irrigation Districts v. Danielson,* 658 P.2d 842 (1983).

The water court referred the matter to the Division 1 water referee, section 37–92–203(7), C.R.S.1973, who approved the Boden Ditch Alternate Point Well as an alternate point of diversion for the Boden Ditch water right. The ruling stated that the source of water for the well was the "alluvium of the South Fork of the Republican River." No statement of opposition was filed pursuant to section 37–92–302(1)(a), C.R.S.1973, by the State Engineer, the Colorado Ground Water Commission (Commission), or the Northern High Plains Designated Ground Water Basin Management District. On May 5, 1980, the referee's ruling was confirmed by the water court.

On June 23, 1980, the Commission and the State Engineer filed a motion for relief from void judgment,[1] based on the alleged lack of subject matter jurisdiction of the water court to permit an alternate point of diversion to a well within a designated ground water basin. The state's position was that the change should have been sought in the Ground Water Commission which has exclusive original subject matter jurisdiction over proposed well diversions located in a designated ground water basin. *See* section 37–90–107, C.R.S.1973.[2] The position taken by the State Engineer and the Commission apparently reflects a change in policy on ground water jurisdictional issues. In 1974, the Commission notified the Shanks' counsel that the proper

forum for a change of point of diversion from the Arikaree River in Yuma County, Colorado to well sites within the Northern High Plains Designated Ground Water Basin was the appropriate water court. Not surprisingly, Shanks proceeded in the water court when he sought the change in point of diversion in the case now on appeal.

The water court denied the state's motion. The court held that *State ex rel. Danielson v. Vickroy, supra,* was not intended to upset final decisions issued by the water courts prior to the *Vickroy* decision. The Commission appealed that ruling.

## II.

In a related case decided today, *Pioneer Irrigation Districts v. Danielson, supra,* we reaffirmed our holding in *State ex rel. Danielson v. Vickroy,* 627 P.2d 752 (Colo.1981). In *Vickroy* and *Pioneer* we have held that the Colorado Ground Water Commission has initial and exclusive jurisdiction to determine if ground water diversions in a designated ground water basin involve the taking of designated ground water. We concluded that the General Assembly intended to grant the Commission responsibility for the supervision and control of Colorado's valuable ground water resources. However, both *Vickroy* and *Pioneer* recognize that the line separating designated ground water subject to Commission jurisdiction and tributary ground water subject to water court jurisdiction is often indistinct. The General Assembly has granted the Commission authority to determine whether water is tributary ground water or designated ground water. Once the Commission has made its factual determination, it can only resolve issues that involve designated ground water.

## III.

■ Still unresolved is whether *State ex rel. Danielson v. Vickroy,* 627 P.2d 752

---

1. C.R.C.P. 60(b)(3) provides:

   "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) the judgment is void. . . ."

2. Section 37–90–107 provides:

   "Any person desiring to appropriate ground water for a beneficial use in a designated ground water basin shall make application to the commission in a form to be prescribed by the commission. . . ."

(Colo.1981), should be retrospectively applied to those decrees involving well permits in designated ground water basins issued prior to our opinion in *Vickroy*. Retrospective application of the jurisdictional requirement would void all final decrees issued between 1965, when the Ground Water Management Act of 1965, section 37–90–101 to 141, C.R.S.1973, was passed; and 1981, when the *Vickroy* decision was rendered. We affirm the water court's conclusion that *Vickroy* does not have retrospective application.

▇ The responsibility for determining whether a rule of law will be granted retrospective or prospective application is an issue for the courts to resolve. *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *People in the Interest of C.A.K.,* 652 P.2d 603 (Colo.1982); *Ruark v. People,* 158 Colo. 110, 405 P.2d 751 (1965). We have utilized a series of factors which are significant in determining the appropriateness of retrospective or prospective application.

In *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the United States Supreme Court set forth a three-pronged standard for retrospective application of decisions in civil cases. *See also People in the Interest of C.A.K., supra.* First, cases to be applied prospectively must establish a new rule of law. Second, the merits of each case must be weighed by looking to the purpose and effect of the rule in question and whether retrospective operation will further or retard its operation. Third, the inequity imposed by retrospective application must be weighed to avoid injustice or hardship. 404 U.S. at 106–07, 92 S.Ct. at 355, 30 L.Ed.2d at 305–06; *People in the Interest of C.A.K.,* 652 P.2d at 607. We have recognized that "practical considerations" must also guide us in determining whether a rule of law should be applied retrospectively. *Jeffrey v. Department of Social Services,* 198 Colo. 265, 273, 599 P.2d 874, 880 (1979). Two such considerations are "the protection of persons who have relied on the earlier state of the law" and "the protection of stability in areas where society attaches particular importance to stability." *People in the Interest of C.A.K.,* 652 P.2d at 608 (quoting Currier, *Time and Change in Judge-made Law: Prospective Overruling,* 51 Va.L.Rev. 201 (1965)).

We conclude that *State ex rel. Danielson v. Vickroy,* 627 P.2d 752 (Colo.1981), should be applied prospectively only. *Vickroy* clarified the jurisdictional contours of the 1965 Ground Water Management Act, an issue which had been uncertain for a number of years. Our decision was based on an interpretation of the Management Act and on policy considerations which weighed in favor of the Commission as the appropriate initial forum. Even the Commission and the state engineer were uncertain over the years as to which forum should initially hear ground water matters. Their uncertainty is evidenced by a letter directing Shanks to file change in point of diversion applications involving wells in the water court and by their initial acquiescence in the water court proceedings in this case. That uncertainty is understandable in view of the confusing nexus between designated ground water and tributary ground water. Many holders of ground water rights have relied on the ability of the water court to adjudicate valuable water rights for a number of years.

Retrospective application of the *Vickroy* decision would upset numerous final decrees which have been adjudicated during the years between 1965 and 1981. Our system of water law is designed to promote the orderly and stable development of Colorado's water resources, *People v. Higgins,* 67 Colo. 441, 184 P. 365 (1919); upsetting long held rights would not advance these goals. The many factors in this case weigh heavily in favor of prospectivity, and, accordingly, we conclude that *Vickroy* is only to be applied prospectively. The many holders of previously adjudicated water rights would be unfairly prejudiced by any other result.

The judgment of the water court is affirmed.