**In the Matter of the Claim of John BRUNETTI, Jr., Petitioner,**

v.

**INDUSTRIAL COMMISSION OF COLORADO, and Rio Grande Motor Way, Inc., Employer, and State Compensation Insurance Fund, Insurer, Respondents.**

No. 82CA0536.

Colorado Court of Appeals, Div. I.

Feb. 3, 1983.

Rehearing Denied March 10, 1983.

Certiorari Denied Oct. 11, 1983.

Paul Conaway, P.C., Paul Conaway, Denver, for petitioner.

William J. Baum, Denver, for respondents Rio Grande Motor Way, Inc., and State Compensation Ins. Fund.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., William Levis, Asst. Atty. Gen., Denver, for respondent Industrial Com'n of Colorado.

BERMAN, Judge.

The claimant, John Brunetti, petitions for review of an Industrial Commission order which refused to reopen an award of permanent partial disability benefits. We affirm the order.

In 1977, while employed as a truck driver for Rio Grande Motor Way, Inc., the claimant slipped on some hydraulic fluid during the course of his employment. He sustained back injuries which eventually led to surgery on a herniated disk.

A neurosurgeon who was state-approved as claimant's treating physician submitted a post-surgery report to the State Compensation Insurance Fund. The Fund then filed a general admission of liability based upon that report which reflected an impairment rating of seven percent permanent partial disability. The admission states in bold type that: "This admission will be approved by the Director unless you notify the Division of Labor ... within thirty days of the above date that you contest said admission."

The claimant did not contest the admission. Instead, claimant filed for a lump sum settlement of all claims against the Fund. The Fund granted claimant's settlement request, awarding $6,680, the balance due on $14,658 after $7,968 had been paid out. Claimant underwent rehabilitation training provided by the Industrial Commission and was subsequently employed by Cobe Laboratories.

Approximately one year later, after seeing a new doctor who rated claimant's dis-

ability at twenty percent, claimant filed a petition to reopen his claim. After an evidentiary hearing, this petition was denied by the referee. That denial was affirmed by the Industrial Commission.

Claimant argues, as a preliminary matter, that there was no need to re-open the claim because it was never legally closed. However, the premise of this argument is not sustainable.

■ Claimant theorizes that since the admission of liability was not formally approved by the Director of the Division of Labor, his case was not closed. However, under *Vargo v. Industrial Commission,* 626 P.2d 1164 (Colo.App.1981), "an admission of liability . . . on its face becomes approved after thirty days if uncontested . . . ." Thus, no formal approval was necessary to close the case.

■ Citing *Granite Construction Co. v. Leonard,* 40 Colo.App. 20, 568 P.2d 500 (1977), the claimant argues that this court generally disapproved of the closing of claims where there is an admission of liability even if approved by the Director. However, the claim in this case was not closed solely because of the filing of an admission of liability. Here, the claimant himself precipitated the closing of his claim by requesting a lump sum settlement. The *Granite Construction* decision recognizes that final settlements may close a claim. *See also* § 8–53–102(2), C.R.S.1973. Here, then, the claim was closed upon the payment of the settlement.

Claimant maintains that in failing to reopen his claim the Commission ignored errors of law and a change in condition. This argument also fails.

■ The re-opening of claims "on the ground of error, mistake, or change in condition" is discretionary with the Director, or his appointed referee. Section 8–53–119, C.R.S.1973; *Wallace v. Industrial Commission,* 629 P.2d 1091 (Colo.App.1981). The discretion of the Director is, "in the absence

of fraud or a clear abuse of discretion," absolute. *Hoover v. Industrial Commission,* 156 Colo. 147, 397 P.2d 223 (1964).

■ Claimant argues that the Commission erred in failing to re-open because the worsening of his back problems constituted a "change in condition." However, the referee specifically found that the new back problem was not causally related to his injury of June 23, 1977. We hold that the evidence supported that finding, and do not disturb it here. *See American Metals Climax, Inc. v. Cisneros,* 195 Colo. 163, 576 P.2d 553 (1978).

■ Claimant also argues that mistakes of law were made which justified a re-opening. He argues that the Director, in making the original award pursuant to the admission of liability and lump sum settlement, failed to consider certain statutory factors and that he failed to compare pre-injury and post-injury earnings. We conclude there was no error.

The relevant statute provides:

"In determining permanent partial disability, the director shall ascertain in terms of percentage the extent of general permanent disability which the accident has caused, taking into consideration not only the *manifest weight of the evidence,* but also the general physical condition and mental training, ability, former employment, and education of the injured employee."

Section 8–51–108(1)(b), C.R.S.1973. (emphasis added).

The statute itself, by referring to "the manifest weight of evidence," implies a contested proceeding wherein a hearing is held and evidence is presented. Here, claimant had notice of his right to contest the admission of liability, and if he had desired a hearing he need only have contested the admission. This he did not do. Thus, by his own failure to act, he waived his right to insist on consideration of these factors in determining his disability award.

To hold otherwise would place an impossible administrative burden on the Commission. If we were to accept claimant's argument that in cases where there is an admission of liability the Commission must consider all the factors listed in § 8–51–108(1)(b), we would, in effect, force the Commission to conduct a hearing in all such cases. The Commission has taken the more reasonable position by requiring a hearing only when requested by the claimant. No due process rights to a hearing are infringed because all claimants are given notice of their right to contest the admission on the admission of liability notice, in bold print.

Claimant's argument that the difference between pre-injury and post-injury earnings should directly control the percent disability figure also fails. Although case law has indicated that earning power is a factor to be considered when determining disability, *see, e.g., American Metals Climax, Inc. v. Cisneros, supra,* this rule is limited to cases where a hearing is held.

Order affirmed.

COYTE and STERNBERG, JJ., concur.