**BEECH AIRCRAFT, INC., and Northwestern National Insurance Company, Petitioners,**

v.

**Gail M. REIF, and The Industrial Commission of the State of Colorado, Respondents.**

**No. 82CA1416.**

Colorado Court of Appeals, Div. I.

Oct. 13, 1983.

Rehearing Denied Nov. 10, 1983.

Certiorari Denied March 26, 1984.

Knapp & Lee, P.C., Byrum C. Lee, Jr., Denver, for petitioners.

Chrisman, Bynum & Johnson, P.C., Marshall T. Riggs, Boulder, for respondent Gail M. Reif.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., William Levis, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

PIERCE, Judge.

In this workmen's compensation case, Beech Aircraft, Inc., (employer) and Northwestern National Insurance Company, seek review of the final order of the Industrial Commission awarding Gail M. Reif (claimant) permanent partial and temporary total disability benefits and medical expenses resulting from a heart attack. We set aside the order.

At the hearing before a referee, conflicting medical opinion evidence was offered as to whether the heart attack was the result of claimant's stressful job situation or from extrinsic causes including her diabetic condition.

The referee entered an order without supporting findings of evidentiary facts denying the claim, finding only that claimant failed to prove that her heart attack was proximately caused by unusual exertion arising out of her employment.

On review, the referee was reversed by the Commission which, in its findings of fact and order, made extensive evidentiary findings based on its review of the record. It concluded that the heart attack was caused by job stress, and that claimant was permanently partially disabled to the extent of 40 percent as a working unit. It

remanded the cause to the referee for calculation of temporary total and medical benefits.

On remand, a different referee entered an order containing the calculation of benefits as directed by the Commission. That order further provided that after a thorough and independent review, the referee adopted the Commissions's findings of fact and incorporated them in the order. Those findings of fact and order were adopted as the final order of the Commission.

Petitioners contend, *inter alia,* that the Commission acted in excess of its statutory authority. We agree.

■ The orders of the Commission were subject to the provisions of § 8–53–106(2)(b), C.R.S.1973 (1982 Cum.Supp.), effective May 26, 1981. *See Nolan v. Industrial Commission,* 664 P.2d 253 (Colo.App. 1982). This statute provides that findings of evidentiary fact, as distinguished from ultimate conclusions of fact, made by the director or referee shall not be set aside by the Commission on review. The Commission may still modify, alter, or change ultimate facts found by the director or referee, but may no longer review the record *de novo* and enter findings of fact as independent fact finder. *R & R Well Service Co. v. Industrial Commission,* 658 P.2d 1389 (Colo.App.1983).

The statute does not speak to the situation where, as here, the referee .fails to make findings of evidentiary fact. However, § 8–53–106(1), C.R.S.1973, specifically provides that the referee or director shall make findings of evidentiary fact.

■ On review, the reasonable probability standard is to be applied by the Commission and courts, "giving deference to the referee's function as the finder of fact." *Prestige Homes, Inc. v. Legouffe,* 658 P.2d 850 (Colo.1983); *see also Fort Logan Mental Health Center v. Industrial Commission,* 665 P.2d 139 (Colo.App. 1983). But, unless the referee in the first instance makes findings of evidentiary fact applying the preponderance of the evidence standard of proof, *see Prestige Homes, Inc.*

*v. Legouffe, supra,* a meaningful review is not possible. *See Womack v. Industrial Commission,* 168 Colo. 364, 451 P.2d 761 (1969). Nor is such a review made possible where, as here, findings of evidentiary fact made by the Commission are subsequently adopted by a substitute referee.

The order is set aside and the cause is remanded to the Commission which shall remand the cause to a referee to hold a new hearing.

VAN CISE and BABCOCK, JJ., concur.