SAFEWAY STORES, INC., Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Mike L. Baca and Gary B. Rose, individually and as members of the Industrial Commission of the State of Colorado; Charles McGrath, Director of the Division of Labor; and Jessie E. Mollerud, Respondents.

No. 83CA1068.

Colorado Court of Appeals, Div. I.

March 1, 1984.

Watson, Nathan & Bremer, P.C., Mark H. Dumm, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Aragon, Asst. Atty. Gen., for respondents Mike L. Baca, Gary B. Rose, The Industrial Commission of the State of Colorado, and Charles McGrath.

George T. Ashen, James E. Freemyer, Denver, for respondent Jessie E. Mollerud.

TURSI, Judge.

Petitioner, Safeway Stores, Inc., seeks review of a final order of the Industrial Commission awarding claimant 10 percent permanent partial disability benefits and authorizing payment for her treating physician. We affirm.

Claimant suffered a work-related knee injury on April 14, 1978, and a work-related back injury on April 29, 1979. After her second injury, claimant was unable to return to work. Over the next two years, claimant was treated by a series of doctors for persistent back pain but obtained little relief.

By a letter dated March 16, 1981, claimant notified the claim supervisor of petitioner's insurance carrier that she intended to undergo surgery for the removal of a herniated disk and requested payment of benefits. Petitioner did not respond to the letter. Disk surgery was ultimately performed on November 9, 1981 by Dr. Robert Powers. Dr. Powers testified that, following the operation, claimant's permanent

partial disability directly attributable to her 1979 accident was 10 percent.

The hearing officer awarded claimant 10 percent permanent partial disability and ordered petitioner to pay the expenses of the treatment administered by Dr. Powers subsequent to the March 16, 1981 letter. The Industrial Commission affirmed the order.

## I.

On review, petitioner contends that the Commission erred in awarding claimant the expenses incurred from Dr. Powers' treatment. Petitioner argues that authorization for treatment by Dr. Powers was not obtained by claimant and that certain oral statements by the hearing officer during an April 22, 1981 hearing constituted a ruling that Dr. Powers' treatment was unauthorized. These contentions are without merit.

Section 8–51–110(5)(a), C.R.S. (1983 Cum. Supp.) states that:

"Upon written request to the employer or insurance carrier, the employee may procure written permission to have his own physician or chiropractor attend him. If such permission is neither granted nor refused within fifteen days, the employer or insurance carrier shall be deemed to have waived any objection thereto."

It is undisputed that no written response to claimant's March 16 letter was ever made by petitioner's insurance carrier. Accordingly, petitioner is deemed to have waived any objection to treatment by Dr. Powers after the letter was sent. Our review of the record indicates that the hearing officer's remarks during the April 22, 1981 hearing concerned the authorization of treatment administered by Dr. Powers prior to the hearing date, which is not at issue here.

## II.

Petitioner contends, in addition, that there was insufficient evidence to support the Commission's determination that claimant's disability was attributable to her 1979 industrial accident. We disagree.

Whether a claimant has sustained her burden of demonstrating disability directly attributable to an industrial accident is a question of evidentiary fact, the determination of which is the prerogative of the hearing officer. *Savio House v. Dennis*, 665 P.2d 141 (Colo.App.1983). Findings of evidentiary fact are binding upon appeal if supported by evidence in the record. *Prestige Homes, Inc. v. Legouffe*, 658 P.2d 850 (Colo.1983).

Here, while the evidence was conflicting, there was medical testimony that claimant suffered 10 percent permanent disability as a result of the 1979 accident. This evidence was sufficient to support the Commission's findings.

Order affirmed.

PIERCE and SMITH, JJ., concur.