**Antonio LUCERO, Petitioner,**

**v.**

**CLIMAX MOLYBDENUM COMPANY; Industrial Commission of the State of Colorado; State Compensation Insurance Fund of Colorado; and Director, Division of Labor, State of Colorado, Respondents.**

**No. 84CA0839.**

Colorado Court of Appeals, Div. I.

Aug. 29, 1985.

Rehearing Denied Oct. 3, 1985.

Certiorari Granted Dec. 16, 1985.

Richard T. Goold, Denver, for petitioner.

Pamela Musgrave, Denver, for respondents State Compensation Ins. Fund and Climax Molybdenum Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Aragon, Asst. Atty. Gen., Denver, for respondents Indus. Com'n. of Colo. and Director, Div. of Labor.

ENOCH, Chief Judge.

Claimant, Antonio Lucero, seeks review of a final order of the Industrial Commission denying his petition to reopen. We affirm.

Claimant suffered a compensable injury while employed by Climax Molybdenum Company (employer) in 1979. Employer filed an admission of liability for permanent partial disability in 1981. Claimant continued working for employer as a light duty worker in its engineering department and later as a janitor, for which he was paid at the same salary rate, although he actually received less pay because of a different work schedule.

In September 1982 employer laid off claimant and many other workers when it shut down its mining operation for economic reasons. Five months later claimant filed a petition to reopen under § 8-53-119, C.R.S. (now codified as § 8-53-113 C.R.S. (1984 Cum.Supp.)), alleging a change in "employment condition and earning capacity." No medical reports or evidence were presented indicating a change in claimant's physical condition.

The hearing officer granted claimant's petition to reopen. He found that the language of § 8-53-119, C.R.S., providing for the reopening of a claim upon a "change in condition" permitted such reopening because of a change in employer's economic circumstances. The hearing officer ordered that claimant be provided with vocational rehabilitation and that claimant's temporary total disability benefits be reinstated.

The Industrial Commission reversed the hearing officer's decision and denied claimant's petition to reopen. The Commission found that the statutes and regulation governing petitions to reopen required "a change in the physical (or mental) disability condition of a claimant, as a proximate result or effect of the compensable injury ...."

Claimant contends that the Industrial Commission misconstrued § 8-53-119, C.R.S., by reading into it a requirement that "change in condition" means physical change of claimant. We disagree.

The issue presented is one of first impression in Colorado. Specifically stated, the question is whether the statutory phrase "change in condition" should be limited in its application to a change in claimant's physical or mental condition resulting from the compensable injury, or whether the phrase should be interpreted more broadly to include also a change in economic conditions which affects the claimant's income.

Section 8-53-119 does not define "change in condition." However, § 8-51-108, C.R.S., requires that, upon application to reopen, the director shall require the injured employee to have a physical examination and that the case shall be reopened if the petition is supported by a showing that the disability of the injured employee has undergone a change in degree since the entry of the award. These two statutes relate to the same subject and must be construed together to effectuate a consistent legislative intent. *See Sterling v. Industrial Commission,* 662 P.2d 1096 (Colo. App.1982). Thus, it is apparent that the basis for reopening is a change in the employee's physical condition.

We hold that a "change in condition," as used in § 8-53-119, means a change in the claimant's physical or mental condition resulting from the compensable injury and not a change in economic conditions, even though that change may affect the claimant's income. This issue has been considered by several other courts which, in interpreting statutes similar to Colorado's, have come to the same conclusion. *Royal Indemnity Co. v. Warren,* 102 Ga. App. 501, 116 S.E.2d 757 (1960); *Compensation of Harris v. SAIF Corp.,* 292 Or. 683, 642 P.2d 1147 (1982); *National Zinc Co. v. Thomas,* 554 P.2d 1 (Okla.1976).

In light of our holding, we also conclude that the Commission correctly interpreted and applied Industrial Commission Rule XII (3), 7 Code Colo.Reg. 1101-3. It provides that an applicant petitioning to reopen a claim on grounds of changed condition must submit a physician's report showing, among other things, "whether or not the impairment is due to the injury for which reopening is sought," and which further provides that if an applicant fails to provide the report, the "Director may deny the petition to reopen ...." We find no inconsistency between this rule and § 8-53-119 and, thus, no error in the Commission's denial of claimant's petition to reopen.

Order affirmed.

VAN CISE and BABCOCK, JJ., concur.