Esther CHAVEZ, Petitioner,

v.

INDUSTRIAL COMMISSION OF The STATE OF COLORADO; Joslins; Liberty Mutual Insurance Company; and Charles McGrath, Director, Division of Labor, Department of Labor and Employment, State of Colorado, Respondents.

No. 85CA0503.

Colorado Court of Appeals, Div. II.

Dec. 12, 1985.

Culkin & Vogel, Ruth K. Vogel, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert Lehnert, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Charles McGrath.

Donald E. Cordova, P.C., John M. Connell, Denver, for respondents Joslins and Liberty Mut. Ins. Co.

VAN CISE, Judge.

Workmen's compensation claimant, Esther Chavez, seeks review of a final order of the Industrial Commission denying her petition to reopen. We set aside the order.

Claimant suffered a compensable injury to her right ankle in January 1982 while employed by Joslins (employer). Employer filed an admission of liability for permanent partial disability consisting of 6% loss of the use of the right lower extremity measured at the knee joint. Claimant returned to work in March.

In January 1984, claimant was stepping down to her driveway at home when her right ankle gave out. She fell, broke her left ankle in two places, and sprained her right ankle. She resumed working for employer in June, but at a job requiring less walking and fewer hours.

In April 1984, claimant filed a petition to reopen, alleging that her physical condition had become worse. Claimant presented a medical report from her treating physician who opined that: "[I]t is probable that the fracture sustained to her left ankle was due to the weak right ankle that she previously injured while working for Joslins in January of 1982."

The hearing officer concluded that "claimant's right ankle condition had worsened and had caused the injury to claimant's left ankle." The officer then, for the director of the Division of Labor, granted claimant's petition to reopen, ordered respondent insurer to pay her medical bills, and awarded claimant temporary disability benefits. The Commission reversed the hearing officer's decision and denied claimant's petition to reopen.

## I.

Claimant contends that the Commission exceeded its authority in reversing the hearing officer's order granting the petition to reopen. We agree.

The reopening of a claim "on the ground of error, mistake, or change in condition" is discretionary with the director of the Division of Labor or his appointed referee, here the hearing officer. Section 8–53–113, C.R.S. (1985 Cum.Supp.); *Wallace v. Industrial Commission,* 629 P.2d 1091 (Colo. App.1981). The director's discretion is absolute in the absence of fraud or a clear abuse of discretion. *In re Claim of Brunetti v. Industrial Commission,* 670 P.2d 1246 (Colo.App.1983).

Moreover, the essential requirement under § 8–53–113, C.R.S. (1985 Cum.Supp.) is not the form of the petition to reopen, but that notice be given to the interested parties. *See State Compensation Insurance Fund v. Industrial Commission,* 697 P.2d 807 (Colo.App.1985).

The director or the hearing officer could have summarily denied claimant's petition to reopen for failure strictly to comply with Commission Rule XB, 7 Code Colo. Reg. 1101–3, because the doctor's report did not "contain an estimate of the percentage of impairment and the additional periods of temporary disability, if any." *See Savio House v. Dennis,* 665 P.2d 141 (Colo. App.1983). However, the failure to do so did not constitute an abuse of discretion here. Therefore, it was error for the Commission to reverse the decision of the hearing officer based on the technical insufficiency of the petition. *See Padilla v. Industrial Commission,* 696 P.2d 273 (Colo. 1985).

## II.

Claimant further contends that the Commission erred in reversing the findings of the hearing officer. Again we agree.

**1330**

The Commission correctly determined that there was insufficient evidence to support the hearing officer's finding that "claimant's right ankle condition had worsened." However, there was uncontroverted evidence, both in the doctor's report and in claimant's testimony, that "claimant's right ankle condition ... had caused the injury to claimant's left ankle." That evidence was sufficient to sustain a finding of "change of condition" under § 8–53–113, C.R.S. (1985 Cum.Supp.)

A "change in condition" as used in § 8–53–113 means "a change in the claimant's physical or mental condition resulting from the compensable injury." *Lucero v. Industrial Commission*, 710 P.2d 1191 (Colo.App.1985). Thus, "change in condition" refers either to a change in the condition of the original compensable injury or to a change in claimant's physical or mental condition which can be causally connected to the original compensable injury. *See Savio House v. Dennis, supra.*

Here, both the doctor's report and claimant's testimony established that her "weak right ankle that she previously injured" caused the injury to her left ankle. This was a change in her physical condition resulting from the original compensable injury. Hence, the Commission erred in not adopting this finding of the hearing officer. *See* § 8–53–111(7), C.R.S. (1985 Cum. Supp.).

The order of the Commission is set aside, and the cause is remanded for entry of a new order affirming the hearing officer's order of October 1984.

SMITH and STERNBERG, JJ., concur.