**Robert E. RUSK, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Director, Department of Labor and Employment, Division of Labor, State of Colorado; Caterpillar Tractor Company; and Wausau Insurance Company, Respondents.**

**No. 85CA0494.**

Colorado Court of Appeals, Div. I.

Nov. 21, 1985.

Rehearing Denied Dec. 26, 1985.

Certiorari Granted (Rusk) March 10, 1986.

Blackman & Levine, Lawrence D. Blackman, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Indus. Comn.

Zarlengo, Mott, Zarlengo & Winbourn, Lynn P. Lyon, Denver, for respondents Caterpillar Tractor Co. and Wausau Ins. Co.

BABCOCK, Judge.

In 1975, claimant suffered an accident arising out of his employment with Caterpillar Tractor Company. On March 12, 1979, a hearing officer awarded claimant permanent total disability benefits. The order (original order) specified that "respondent [Wausau Insurance Company] shall take the appropriate social security offset." Pursuant to the order, Wausau made payments to claimant, but offset the amount of the payments by one-half of claimant's social security disability benefits, and one-half of any cost of living increases granted from time to time in those benefits. This offset represented Wausau's interpretation of the amount deductible under § 8–51–101(1)(c), C.R.S.

On April 23, 1984, the Colorado Supreme Court decided *Engelbrecht v. Hartford Accident & Indemnity Co.*, 680 P.2d 231 (Colo.1984), in which it held that § 8–51–101(1)(c), C.R.S., was not intended by the General Assembly to include offsets for cost of living increases in social security benefits. After that decision, Wausau reduced claimant's offset but made the reduction effective prospectively from the date of the decision.

In May 1984, claimant submitted a petition to reopen his claim. Pursuant to this petition, the hearing officer ruled that *Engelbrecht* had determined what was the "appropriate social security offset" required by the original order, and Wausau was ordered (subsequent order) to repay all offsets taken for cost of living increases from the date of the original order. On appeal, the Industrial Commission modified this subsequent order to be prospective only from the date of the *Engelbrecht* decision. On review of this order we affirm.

Claimant argues that the hearing officer was correct in holding that the *Engelbrecht* decision defined the "appropriate social security offset" contained in the original order. He contends that the *Engelbrecht* decision should be given retroactive effect. Therefore, he asserts that the Industrial Commission erred in modifying the

hearing officer's subsequent order. We disagree.

■ The three-pronged standard for retroactive application of decisions in civil cases was set out in *People in Interest of C.A.K.*, 652 P.2d 603 (Colo.1982):

"First, the decision, if it is not to be applied retroactively, must establish a new rule of law. Second, the merits of each case must be weighed by looking to the purpose and effect of the rule in question and whether retrospective operation will further or retard its operation. Third, the inequity imposed by retroactive application must be weighed to avoid injustice or hardship."

Additionally, practical considerations must be evaluated in determining whether to apply a decision retroactively. *Ground Water Commission v. Shanks*, 658 P.2d 847 (Colo.1983); *Jeffrey v. Colorado State Department of Social Services*, 198 Colo. 265, 599 P.2d 874 (1979).

■ If, for a number of years, there has been a good faith reliance upon custom, tradition, or even a misinterpretation of the law, then justice, equity and the public good are best served by not unfairly prejudicing a party for his good faith reliance on such custom or tradition. *See Ground Water Commission v. Shanks, supra; Van Cleave v. Board of County Commissioners*, 33 Colo.App. 227, 518 P.2d 1371 (1973).

Here, it is apparent that for many years prior to *Dailey v. Industrial Commission*, 651 P.2d 1223 (Colo.App.1982), insurance carriers, including Wausau, interpreted § 8–51–101(1)(c), C.R.S., as authorizing offsets for social security cost of living increases. *See Engelbrecht v. Hartford Accident & Indemnity Co., supra.* Their interpretation was justified in light of the ambiguous wording of the statute and by acquiescence in the offset by this claimant and others prior to *Dailey*. Then, in *Dailey*, this court ruled that such offsets were permitted under the statute, and the insurance carriers were further entitled to rely

on our ruling until it was overruled in *Engelbrecht.* *See* C.A.R. 35(f).

 Thus, applying the test in *People in Interest of C.A.K.,* we conclude that the statute should not have retroactive application. First, the decision in *Engelbrecht* overruled a prior ruling of this court and therefore established a new rule of law. Second, the purpose and effect of the rule was to exclude social security cost of living increases from offsets so that the value of the original award would not be reduced by inflation. This factor, when balanced by the third factor—the injustice or hardship which would result from retroactive application—weighs heavily against retroactive application.

A ruling that *Engelbrecht* determined the "appropriate offset" from the date of the statute would prejudice Wausau by placing on it the financial burden of paying claimant some five years worth of offsets which were taken in good faith reliance on the statute and Colorado case law. Moreover, if retroactive effect is given to *Engelbrecht,* the door would be opened to a multitude of claims by others for past offsets. The evaluation of practical considerations leads us to conclude that the inequity imposed by retroactive application outweighs any loss which may have been sustained by claimants. *See Ground Water Commission v. Shanks, supra.*

 Accordingly, we hold that the "appropriate social security offset" contained in the original order was the offset taken by Wausau prior to the *Engelbrecht* decision, and that the *Engelbrecht* decision was prospective only. As such it did not apply to this claimant. Therefore, the Industrial Commission did not err in modifying the hearing officer's subsequent order to make it effective only from the date of the *Engelbrecht* decision.

The Commission's order is affirmed.

PIERCE and KELLY, JJ., concur.