**Michael RAISCH, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, and United Airlines, Respondents.**

**No. 85CA0637.**

Colorado Court of Appeals,
Div. III.

May 1, 1986.

Richard T. Goold, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Indus. Comn.

Blackman & Levine, Tama L. Levine, Denver, for respondent United Airlines.

KELLY, Judge.

Claimant, Michael Raisch, seeks review of an order of the Industrial Commission which (1) denied his claim for vocational rehabilitation, and (2) set aside the hearing officer's reinstatement of temporary disability benefits, concluding that claimant should be awarded one percent permanent partial disability benefits instead. We affirm the order in part and set aside the order in part.

Claimant suffered a compensable industrial injury on October 29, 1979, while working as a baggage handler for employer, United Airlines. Employer admitted liability for temporary total disability and referred claimant for vocational rehabilitation evaluation. A vocational rehabilitation plan was developed and provided that claimant would return to work for employer as a baggage encoder.

Claimant started back to work during July 1981 and his temporary disability benefits were terminated. Claimant worked as a baggage encoder until November 17, 1981, when he was discharged by employer as part of a general reduction in its work force. Claimant then sought resumption of temporary benefits and additional vocational rehabilitation.

The hearing officer ordered employer to reinstate temporary disability benefits and found that claimant was entitled to, and in need of, vocational rehabilitation. On review, the Commission found that the hearing officer had erred in concluding that claimant was a qualified candidate for vocational rehabilitation. The Commission further set aside the hearing officer's award of additional temporary benefits and concluded that the hearing officer should have approved the employer's admission for one percent permanent partial disability. It then remanded the matter for entry of an award in accordance with the employer's admission.

On review, the claimant first contends that the Commission exceeded its fact-finding authority under § 8–53–111(7), C.R.S. (1985 Cum.Supp.) by reversing the hearing officer's finding that claimant was qualified for vocational rehabilitation. We disagree.

Section 8–53–111(7) provides that the hearing officer's findings of "evidentiary fact" may not be altered by the Commission if supported by substantial evidence. However, that statutory provision does not preclude the Commission from altering "ultimate facts" which, as opposed to evidentiary facts, involve a conclusion of law, or a determination of a mixed question of law and fact, and settle the rights and liabilities of the parties. *See Baca v. Helm,* 682 P.2d 474 (Colo.1984); *Golden Age Manor v. Industrial Commission,* 716 P.2d 153 (Colo. App.1985).

A claimant is entitled to vocational rehabilitation when "as a result of the injury or occupational disease he is unable to perform work for which he has previous training or experience." Section 8–49–101(4), C.R.S. (1985 Cum.Supp.). We conclude that this determination of entitlement is one of ultimate fact because it determines rights and liabilities of the parties and because it constitutes a controlling legal standard. Following a determination of qualification, a claimant is entitled to, and the employer must provide, vocational rehabilitation services in accordance with § 8–49–

101(4). Additionally, resolution of the issue of entitlement to vocational rehabilitation requires that the fact-finder determine the evidentiary facts and apply them to this standard.

 Thus, the Commission acted within its fact-finding authority when it set aside the hearing officer's findings of entitlement for vocational rehabilitation. Because the Commission's conclusion is supported by substantial evidence in the record that claimant was able to perform work for which he had previous training or experience, we are bound by that determination on review. Section 8–53–120, C.R.S. (1985 Cum.Supp.).

## II.

Claimant next contends that the Commission erred in concluding that claimant should be awarded one percent permanent partial disability benefits without this issue having been first determined by the hearing officer. We agree.

Section 8–51–108(1)(b), C.R.S. (1985 Cum. Supp.), provides that "the director shall ascertain in terms of percentage the extent of general permanent disability which the injury has caused...." Further, § 8–53–111(4), C.R.S. (1985 Cum.Supp.) specifically provides that the hearing officer or director "shall make findings of fact which shall include all evidentiary and ultimate facts necessary to support an award." Unless such findings are made, meaningful review by the Commission is not possible. *See Womack v. Industrial Commission,* 168 Colo. 364, 451 P.2d 761 (1969); *Beech Aircraft, Inc. v. Reif,* 678 P.2d 1049 (Colo.App. 1983). Accordingly, the Commission erred in determining in the first instance the degree of claimant's permanent partial disability instead of remanding the issue for determination by the hearing officer.

That part of the order of the Commission which denied vocational rehabilitation is affirmed, and that part of the order concerning an award of disability benefits is set aside. The cause is remanded to the Commission with instructions to remand the matter to a hearing officer for determination of permanent partial disability.

TURSI and METZGER, JJ., concur.