**Marvin E. OSBORNE, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Director of the Division of Labor, City of Littleton, and State Compensation Insurance Fund, Respondents.**

**No. 85CA0624.**

Colorado Court of Appeals,
Div. I.

May 1, 1986.

Rehearings Denied June 12, 1986.

Certiorari Denied (City) Sept. 29, 1986.

Norton Frickey & Associates, P.C., Ralph Ogden, Dan N. Hover, Lakewood, for petitioner.

Feay B. Smith, Paul Tochtrop, Denver, for respondents City of Littleton and State Compensation Ins. Fund.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Gregory K. Chambers, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Director of the Div. of Labor.

PIERCE, Judge.

Claimant, Marvin E. Osborne, seeks review of a final order of the Industrial Commission denying his petition to reopen. We set aside the order and remand for further proceedings.

On June 16, 1982, claimant suffered a compensable injury to his lower back while employed as a construction worker by the City of Littleton (employer). Employer admitted liability for temporary total benefits and for four percent permanent partial disability benefits. Claimant underwent a discectomy and was released to return to work on August 16, 1982. In September 1983, claimant left this employment so that he could have unrelated surgery performed on his neck.

On April 2, 1984, claimant filed a petition to reopen his claim. Attached to the petition was a statement from his treating physician detailing claimant's symptoms and work restrictions and stating that he should not return to construction work.

By order dated September 20, 1984, the hearing officer concluded that petitioner's lower back condition had worsened and granted the petition to reopen. The hearing officer further ordered employer to pay medical benefits, temporary partial disability benefits and to refer claimant for vocational rehabilitation evaluation and services. The Commission reversed the hearing officer's decision and denied claimant's petition to reopen on the basis that the petition failed to comply strictly with Commission Rule XB, 7 Code Colo. Reg. 1101–3, because the doctor's report accompanying the petition to reopen did not contain an estimate of the percentage of impairment and the additional periods of temporary disability, if any. The Commission further determined that claimant was not eligible for vocational rehabilitation because he had obtained employment as an apartment house manager.

I.

On review claimant first contends that the Commission exceeded its authority in reversing the hearing officer's order granting the petition to reopen. We agree.

The reopening of a claim "on the ground of an error, a mistake, or a change

in condition" is discretionary with the hearing officer. Section 8-53-113, C.R.S. (1985 Cum.Supp.). In the absence of fraud or a clear abuse of discretion, the exercise of that discretion is absolute. *Chavez v. Industrial Commission,* 714 P.2d 1328 (Colo. App.1985); *In re Claim of Brunetti v. Industrial Commission,* 670 P.2d 1246 (Colo.App.1983).

Here, the failure of the hearing officer to deny claimant's petition to reopen for failure to comply strictly with Commission Rule XB did not constitute an abuse of discretion. Although the hearing officer could have denied claimant's petition to reopen for failure to comply with that rule, the doctor's report was sufficient to assist the Division in determining whether claimant could present a prima facie case of changed condition. Therefore, it was error for the Commission to reverse the decision of the hearing officer based on the technical insufficiency of the petition. *Chavez v. Industrial Commission, supra.*

### II.

Claimant next contends that the Commission erred in reversing the hearing officer's finding that claimant was entitled to vocational rehabilitation. Again, we agree.

The hearing officer made findings, supported by the record, that claimant was unable to return to work in his usual and customary employment in construction work and that vocational rehabilitation was necessary to return claimant to the labor market in a productive capacity. Claimant argues, and we agree, that the Commission erred in concluding that the sole fact that claimant had obtained employment disqualified him from vocational rehabilitation.

Section 8-49-101(4), C.R.S. (1985 Cum.Supp.) authorizes vocational rehabilitation for a disabled worker "when, as a result of the injury or occupational disease, he is unable to perform work for which he has previous training or experience." The word "work" in this section has not been interpreted to mean "all work." Instead, where a claimant possesses residual unimpaired job skills, the critical inquiry is whether these skills are such as to enable the claimant to obtain suitable, remunerative employment. *See Timberline Sawmill & Lumber, Inc. v. Industrial Commission,* 624 P.2d 367 (Colo.App.1981). The same inquiry is appropriate whether or not the claimant has used these residual skills to obtain employment. Otherwise, any claimant who, because of necessity or efforts to make the best of his misfortune, has accepted unsuitable or unremunerative employment would be disqualified from vocational rehabilitation. The beneficent and remedial purposes of the Workmen's Compensation Act require, instead, that the sole fact of employment not disqualify a claimant from vocational rehabilitation benefits.

Therefore, unlike *Raisch v. Industrial Commission,* 721 P.2d 693 (Colo.App.1986), there was not substantial evidence here supporting the Commission's reversal of the hearing officer's finding that claimant was entitled to vocational rehabilitation.

The order of the Commission is set aside, and the cause is remanded for entry of a new order affirming the hearing officer's order of September 20, 1984.

STERNBERG and METZGER, JJ., concur.