Ron FEATHERSTONE, Petitioner,

v.

LOOMIX, INC.; the Industrial Commission of the State of Colorado; State Compensation Insurance Fund of Colorado; and Director, Division of Labor, State of Colorado, Respondents.

No. 85CA1351.

Colorado Court of Appeals,
Div. I.

Aug. 14, 1986.

Shade, Doyle, Klein, Otis & Frey, Roger A. Klein, Greeley, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Director, Div. of Labor.

Richard G. Fisher, Jr., Denver, for respondents Loomix, Inc. and State Compensation Ins. Fund

PIERCE, Judge.

Ron Featherstone (claimant) seeks review of a final order of the Industrial Commission. The order determined that claimant may not recover social security disability cost of living increases which the State Compensation Insurance Fund (Fund) offset against his workmen's compensation benefits under § 8–51–101(1)(c), C.R.S. (1985 Cum.Supp.). We affirm.

Claimant suffered a compensable injury in April 1982. Several months later, the

Fund filed admissions of liability for temporary total disability. These admissions were not contested despite a "notice to claimant" that the admissions would be approved by the Director of the Division of Labor (Director) unless contested within 30 days.

In January 1983, the Fund filed a special admission reducing claimant's weekly benefits. The admission indicated that there had been an overpayment based on failure to account for the social security disability benefit offset. This was followed by another admission in June 1983 further reducing claimant's weekly benefit. This reduction was apparently due to a cost of living increase in claimant's social security benefits.

Both the January and June 1983 admissions carried the notice that the Director would approve the admission unless contested within 30 days. However, neither admission was contested.

On April 23, 1984, our supreme court announced its decision in *Engelbrecht v. Hartford Accident & Indemnity Co.*, 680 P.2d 231 (Colo.1984). The court there held that social security cost of living increases are not "periodic disability benefits" within the meaning of § 8–51–101(1)(c).

In July and August 1984, the Fund filed admissions of liability reflecting that after May 1, 1984, no offset would be taken for cost of living increases. On August 15 claimant filed a "Notice of Contest" to these admissions. He objected to the Fund's calculation of his temporary disability benefits and the social security offset.

Ultimately, a hearing was held on the issues of claimant's average weekly wage, the Fund's liability for certain medical expenses, and claimant's right to recover the cost of living offsets taken prior to May 1, 1984. The hearing officer entered an order on May 28, 1985, holding that under *In re Claim of Brunetti v. Industrial Commission*, 670 P.2d 1246 (Colo.App.1983), claimant's failure to contest the initial admission of liability precluded him from litigating the average weekly wage question. However, the hearing officer ordered the Fund

to pay the medical expenses and to restore all cost of living increases offset against claimant's benefits.

Claimant moved for an extension of time to file a petition to review the May 28 order on the average weekly wage issue. This motion was granted until 20 days after an order on permanent disability. The Fund immediately petitioned to review the order insofar as it required restoration of the offsets. Since the Fund viewed the matter as a "legal issue," it did not designate a transcript.

On September 5, 1985, the Commission ruled on the Fund's petition. The Commission noted that the hearing officer found that claimant did not contest the June 1983 admission within 30 days. Further, no contest was filed until after the announcement of *Engelbrecht.* The Commission concluded that under *In re Claim of Brunetti, supra*, the claimant had tacitly accepted the Fund's deduction for cost of living increases by failing to contest the admission in accordance with the 30–day notice, and by accepting payments.

The Commission also concluded that *Engelbrecht* would apply retroactively to pending claims only where "claimants contested the cost of living deductions from the beginning thereof, or otherwise disputed or appealed the issue of such deductions, so as to preserve the issue for further adjudication." The Commission decided that, here, the Fund need not restore the offsets taken prior to April 23, 1984.

### I.

Initially, claimant contends that consideration of this case is "premature," and that the matter should be remanded to the Commission. He notes the Commission relied on the hearing officer's finding that he failed to contest the early admissions of liability. Claimant argues that the significance of this failure will be an issue when he files a petition to review the hearing officer's May 28 order on average weekly wage. He suggests that, until this petition is filed, the current issues are not "ripe."

However, claimant did not at any time request the hearing officer or the Commission to delay consideration of the Fund's petition to review the hearing officer's May 28 order. Consequently, we decline to consider the argument that we remand the matter. *See Irwin v. Industrial Commission,* 695 P.2d 763 (Colo.App. 1984). Further, any dilemma which this ruling creates for claimant is of his own making. It was claimant who requested and received an indefinite extension of time to file his petition to review the May 28 order.

## II.

Claimant next contends that the Commission erred in declining to apply the *Engelbrecht* decision retroactively. He argues that we should overrule *Rusk v. Industrial Commission,* 716 P.2d 156 (Colo.App.1985) (cert. granted Mar. 10, 1986). Alternatively, he seeks to distinguish *Rusk* on the grounds that his claim is "open" while the claim in *Rusk* had been "closed."

In *Rusk,* we held that the *Engelbrecht* decision was "prospective only," and should be effective from April 23, 1984, the date of the decision. The foundation of *Rusk* was the hardship that retroactive application would place on workmen's compensation insurers who relied on the established practice prior to *Engelbrecht.* In addition, in *Rusk* we noted that retroactive application would open the door "to a multitude of claims by others."

We decline claimant's invitation to overrule *Rusk.* Further, the underpinnings of *Rusk* afford no basis for differentiating between "open" and "closed" cases.

In *People in Interest of C.A.K.,* 652 P.2d 603 (Colo.1982), our supreme court observed that one of the major reasons for denying retroactivity is protection of those relying on the state of the law prior to the change. The court stated that the "reliance factor is more persuasive when the change in the law at issue concerns pre-litigation conduct … because most acts, once done, cannot be undone."

Here, the Fund relied on pre-*Engelbrecht* practice when, in 1983, it began deducting for cost of living increases. The validity of these deductions was not then the subject of dispute in claimant's open case because of the near universal assumption that the deductions were proper. We will not deny the Fund the protection afforded by *Rusk* merely because the case was not fully resolved, and the claim technically open.

Further, to apply *Engelbrecht* retroactively to open cases would invite a multitude of claims by persons in situations similar to claimant's. This fact illustrates the difficulty in "undoing" the pre-litigation conduct.

## III.

Claimant next attacks the Commission's legal conclusions. He argues that the Commission erred in concluding that, under *In re Claim of Brunetti, supra,* his failure to contest the June 1983 admission within 30 days foreclosed later contest of the offset question. In support of this argument he cites *Johnson v. McDonald,* 697 P.2d 810 (Colo.App.1985). In that case we held that failure to contest an admission of liability containing a 30–day notice did not bar claimant from subsequently litigating the issue of permanent disability.

Even if we were to agree that claimant's legal analysis is correct, it would nevertheless not alter the result in this case. Claimant took no action concerning these offsets until August 1984, well after the *Engelbrecht* decision was announced. The question presented by the facts of this case is not whether claimant procedurally waived his right to litigate the offset question by failing to contest the June 1983 admission within 30 days. Rather, the question is: when claimant finally litigated the offset issue beginning in August 1984, was he entitled to recover offsets taken prior to April 23, 1984.

Claimant's long indifference to the June 1983 admission is at best a neutral factor, and at worst acquiescence in the

cost of living offset. In either case, his inaction does nothing to counter the "injustice or hardship" which retrospective application of *Engelbrecht* would work on the Fund and other insurers in similar cases. *Rusk v. Industrial Commission, supra.* Thus, even if claimant's failure to contest the June 1983 admission within 30 days was not a procedural waiver, he is in no better position to recoup the offsets than the claimant in *Rusk.*

We hold that even if the Commission's application of *In re Claim of Brunetti* was erroneous, a proper interpretation of the law would have produced the same legal result. Under such circumstances, the Commission's order will be sustained. *University of Colorado Medical Center v. Industrial Commission,* 622 P.2d 596 (Colo.App.1980).

### IV.

Finally, claimant argues that there is insufficient evidence to support the Commission's factual conclusions. Specifically, he argues that there was no evidence presented regarding the financial impact on insurance carriers of retroactively applying *Engelbrecht.*

■ Initially, we do not think that claimant is in a position to raise this argument. Claimant had an opportunity, after the Fund filed a petition to review the hearing officer's order, to designate a transcript of the hearing. *See* § 8-53-111(1), C.R.S. (1985 Cum.Supp.). However, claimant did not do so, and neither did the Fund. Consequently, the findings are presumed to be supported by the evidence.

In any event, the retroactivity of *Engelbrecht* is a legal question resolved by *Rusk v. Industrial Commission, supra.* Thus, any error in the fact-finding process here would not be prejudicial. Section 8-53-122, C.R.S. (1985 Cum.Supp.).

Order affirmed.

STERNBERG and METZGER, JJ., concur.