219 So.2d 688 (1969)
Leslie ROBINSON, Petitioner,
v.
HOWARD HALL COMPANY, Inc., and Glenn Falls Insurance Company, Respondents.
No. 37878.
Supreme Court of Florida.
March 5, 1969.
*690 Irvin A. Meyers, of Meyers, Mooney & Langston, Orlando, for petitioner.
Monroe E. McDonald of Sanders, McEwan, Schwarz & Mims, Orlando, Patrick H. Mears, and J. Franklin Garner, Tallahassee, for respondents.
ERVIN, Chief Justice.
We review an order of the Florida Industrial Commission reversing an order of the Judge of Industrial Claims.
Claimant's left ring finger was lacerated in an industrial accident on August 2, 1967 while he was working for respondent-employer, Howard Hall Company, Inc. No disability benefits were applied for at the time of the accident, although claimant was then provided emergency treatment in a hospital. Since the accident, claimant has had partial numbness in his finger. Scar tissue formed three-fourths of the way around the finger.
Since claimant continued to have numbness in his finger, he requested (by letter of October 13, 1967 from his attorney to Respondent-employer) an examination by Dr. Alexander Carducci, an orthopedist. On December 11, 1967 the Respondent-carrier, Glenn Falls Insurance Company responded to the request, advising that it would be responsible for an examination but suggesting the examination be made either by Dr. Robert W. Young, orthopedic surgeon, Dr. F. DeWitt Stanford, orthopedic surgeon, or Dr. Ryston Miller, orthopedist. None of these three physicians were acceptable to claimant in lieu of Dr. Carducci, and claimant on December 15, 1967 advised the carrier as follows:
"Since you have declined this far to authorize an examination and treatment as may be necessary by Dr. Carducci, and since we feel that it would be in the best interests for him to be seen by this particular physician, we are forwarding an Application for Hearing to the Florida Industrial Commission so that this point can be determined. If you are willing to agree to an examination by Dr. Carducci, we will be most happy to withdraw our Application for Hearing at this time."
A hearing was held by the Judge of Industrial Claims on January 25, 1968, on the claim or issue concerning whether claimant should be examined and treated, if indicated, by Dr. Carducci. The Judge found in part as follows:
"(1) That the claimant sustained a laceration to his left ring finger on August 2, 1967 while working for employer.
"(2) I find that the claimant has partial numbness of the injured finger and is in need of an examination to determine if treatment is indicated.
"(3) Although the employer/carrier offered the claimant three qualified orthopaedic surgeons, I find that based upon the qualifications of all doctors mentioned, that this injury falls within the particular specialty of Dr. Alexander T. Carducci, and I therefore find that it is in the best interests of the claimant that he be examined by this physician.
"(4) I find that the employer/carrier has resisted this claim and I therefore find that it was necesary for the claimant to employ counsel to represent his interests in this cause and that the claimant's attorney is entitled to a fee under Section 440.34. I find that a reasonable fee for the claimant's attorney, Irvin A. Meyers, Esq. is $75.00."
On appeal, the Commission reversed the Judge's order, giving its reason as follows:
"The employer and carrier is not required by law to furnish further diagnostic tests to determine whether or not *691 the claimant needs further medical treatment. The carrier had offered examination and treatment by other doctors so that this Order, in effect, is for a change in medical and creates no entitlement to the claimant's attorney to a fee from the employer and carrier. * * *"
Our study of the case indicates we should reverse the Commission and reinstate the order of the Judge of Industrial Claims.
In the first place, contrary to the Commission's quoted order, we do not find F.S. Section 440.13, F.S.A. or any provision of Chapter 440 precludes further diagnostic tests of claimant under the circumstances here appearing. Section 440.13 provides that within the limitations of time prescribed in subsection (3) (b) the employer shall furnish to the employee "such remedial treatment, care and attendance under the direction and supervision of a qualified physician or surgeon * * * as the nature of the injury or process of recovery may require * * *." Here, a preliminary examination or diagnosis of claimant's finger condition was found to be necessary in determining whether further remedial treatment was required. The statute in requiring remedial treatment to be provided an employee contemplates that a preliminary medical examination may be necessary as an incident to such treatment.
A reading from F.S. Section 440.13, F.S.A. in its entirety relating to the provision of medical services and supplies, does not disclose that a claimant is bound in all circumstances to accept the physician offered by employer-carrier. The claimant, entirely on his own volition, may not reject a physician offered him by employer-carrier, but he may, as in the instant case, upon due notice and a hearing before the Judge of Industrial Claims, have a determination made of the issue whether he can substitute a physician of his own selection in lieu of the physician offered by employer-carrier. Section 440.13 provides in part:
"* * * It shall be unlawful for any employer or representative of any insurance company or insurer to coerce or attempt to coerce a sick or injured employee in the selection of a physician, or surgeon or other attendant or remedial treatment, nursing or hospital care, or any other service that the sick or injured employee may require * * *."
The policy of the statute as we view it is to give the initial right of selection of a treating physician for an injured or sick claimant to employer-carrier, but reserves in claimant the right to dispute such selection for good cause or reason and to seek substitution of that physician by a physician of claimant's choice, pursuant to due determination of the matter by the Judge of Industrial Claims. We analogize this limited right of a claimant as to the initial selection of a physician to be essentially similar to a situation where a claimant desires a change in medical attention already provided him. In the latter situation Section 440.13 provides: "The commission may at any time, for good cause, shown in its discretion order a change * * *."
We recognize that in certain instances it may be found to be in the best interest of an injured claimant to have the satisfaction of being treated by a physician of his own choosing. The peace of mind of a sick or injured person may be improved and his medical problem remedied to a degree by the knowledge he is being treated by a physician of his choice in whom he places trust and confidence rather than by a physician selected by another for him. The record reflects claimant has diabetes and must be extremely careful to prevent infection after laceration. He testified that his family physician, Dr. Wolfram, who treated him for diabetes, recommended that if the numbness in the finger did not clear up he should go to see Dr. Carducci for examination. He testified further that Dr. Thompson, an orthopedic surgeon whom he consulted, highly recommended Dr. Carducci for his type of finger problem.
*692 The Judge of Industrial Claims examined the qualifications of the physicians under consideration in relation to their ability to diagnose and treat the peculiar malady troubling claimant and determined it was in claimant's best interest to allow him to be examined by Dr. Carducci and, if so indicated, to be treated by him. This was a fact and a value judgment at the local level of the trier of facts who heard the witnesses and presumably has general knowledge and familiarity concerning medical practice and practitioners in the community, and therefore was in a much better position to make an evaluation of claimant's request than the Commission or ourselves.
Our review of the evidence indicates we should not in this case disturb the administrative findings of the Judge of Industrial Claims or substitute our views on the evidence for his.
Since the benefit of an examination of claimant by Dr. Carducci was found to be appropriate by the Judge of Industrial Claims, we conclude the $75 fee allowed for claimant's attorney should stand. Costs should be paid by employer-carrier, since the hearing terminated in favor of the claimant.
The order of the Florida Industrial Commission is reversed and the order of the Judge of Industrial Claims is reinstated.
The petition for attorney's fees filed by Petitioner is granted in the sum of $350.00.
It is so ordered.
ROBERTS, CARLTON and ADKINS, JJ., concur.
DREW, J., dissents as to judgment only.
DREW, Justice (dissenting to judgment only).
I am in complete accord with the pronouncements made in the able opinion by the Chief Justice and I would concur in the judgment pronounced were it not for the fact that I fail to find any competent evidence in the record to support the finding of the Judge of Industrial Claims "that this injury falls within the particular specialty of Dr. Alexander T. Carducci." Nor do I find any competent evidence in the record relating to "the qualifications of all doctors mentioned" which was a material consideration in the Judge of Industrial Claims ultimate decision. The only evidence offered was that of the claimant and the only testimony he gave concerning the qualifications of these physicians was that told him by his family doctor. Such evidence was clearly hearsay and therefore incompetent to prove anything.
I must, therefore, dissent on both points. I would not, in this case, on the record here either authorize the examination by Dr. Carducci nor award fees below or here.