Michael W. BURNS, Petitioner,

v.

ROBINSON DAIRY, INC., Nationwide Mutual Insurance Company, and Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 95CA0131.

Colorado Court of Appeals,
Div. I.

June 15, 1995.

Rehearing Denied Aug. 10, 1995.

Certiorari Denied March 4, 1996.

Dallas, Holland & O'Toole, P.C., Neil D. O'Toole, Denver, for petitioner.

Clifton, Hook, & Bovarnick, P.C., Richard A. Bovarnick, Denver, for respondents.

No appearance for respondent Industrial Claim Appeals Office.

Opinion by Judge TAUBMAN.

Michael W. Burns (claimant) seeks review of a final order of the Industrial Claim Appeals Panel denying his request for temporary total disability (TTD) benefits after December 7, 1992. We affirm.

While employed by Robinson Dairy, Inc., (employer) on July 20, 1992, claimant was injured in an industrial accident. Employer and its insurer, Nationwide Mutual Insurance Company, (respondents) admitted liability for TTD benefits from July 21, 1992, through December 6, 1992. Claimant's attending physician released claimant to return to work with full duties effective December 7, 1992.

Claimant did return to work on December 7, but worked for only 45 minutes before advising employer that he was unable to continue. Employer directed claimant to leave and to resume employment only when he was able to do the work.

Complaining of continuing pain, claimant was examined by his attending physician four times in the next five weeks. Each time, this physician reiterated his opinion that claimant was able to work and had no permanent impairment. Claimant was declared at maximum medical improvement (MMI) by this physician as of December 17, 1992. However, other physicians who examined claimant, including a physician selected by the Division to perform an independent medical examination (IME), opined that claimant was not at MMI.

The Administrative Law Judge (ALJ) concluded that respondents could not terminate TTD benefits under § 8–42–105(1) and (3)(a), C.R.S. (1994 Cum.Supp.) because they had not overcome, by clear and convincing evidence, the IME physician's finding that claimant was not at MMI. However, the ALJ found that respondents properly terminated benefits pursuant to § 8–42–105(3)(c), C.R.S. (1994 Cum.Supp.) based on the attending physician's initial release to work on December 7, 1992, and the subsequent releases in the following weeks. The Panel affirmed.

■ Claimant contends that the existence of the release to work does not preclude an award of TTD benefits where employer does not accommodate claimant's physical inability to perform full employment duties. We disagree.

Section 8–42–105(3), C.R.S. (1994 Cum. Supp.) provides that: Temporary disability benefits *shall* continue until *any one* of the following first occurs: (a) The employee reaches maximum medical improvement; (b) The employee returns to regular or modified employment; (c) The attending physician gives the employee a written release to return to regular employment; or (d) The attending physician gives the employee a written release to return to modified employment, such employment is offered to the employee in writing, and the employee fails to begin such employment. (emphasis added)

■ The use of the word "shall" in the statute is presumed to indicate a mandatory requirement. *See State Board of Medical Examiners v. Saddoris*, 825 P.2d 39 (Colo. 1992). The effect of this mandate is to limit the scope and frequency of disputes concerning the duration of TTD benefits by treating the opinion of the attending physician as conclusive with respect to a claimant's ability to perform regular employment. This construction also fosters the legislative intent of assuring "quick and efficient delivery of disability and medical benefits to injured workers at a reasonable cost to employers," *see* § 8–40–102(1), C.R.S. (1994 Cum.Supp.), by limiting disputes concerning whether an employee is in fact able to return to regular employment.

■ Thus, unless the record contains conflicting opinions from attending physicians regarding a claimant's release to work, the ALJ is not at liberty to disregard the attending physician's opinion that a claimant is released to return to employment. *Cf. Byron v. Heckler*, 742 F.2d 1232 (10th Cir.1984) (in Social Security disability case, unless good cause is shown to the contrary, substantial weight must be given to the testimony of claimant's treating physician); *but cf. Savio House v. Dennis*, 665 P.2d 141 (Colo.App. 1983) (under pre–1991 workers' compensation law, even undisputed medical testimony was not binding on the ALJ in his or her fact-finding role).

Here, because the attending physician had provided claimant with a written release to

work, the ALJ was bound to terminate TTD benefits pursuant to § 8–42–105(3)(c). Therefore, any evidence concerning claimant's self-evaluation of his ability to perform his job was irrelevant and properly disregarded by the ALJ.

■ We also reject claimant's related contention that the denial of TTD benefits was erroneous because he was not yet at MMI.

■ The occurrence of *any one* of the conditions enumerated in § 8–42–105(3) is sufficient to terminate benefits. Because the conditions are separated by the word "or," it is presumed that the disjunctive sense was intended. *See Armintrout v. People,* 864 P.2d 576 (Colo.1993).

Accordingly, since MMI is not a prerequisite to the termination of benefits under § 8–42–105(3)(c), the Panel's affirmance of the ALJ's order was not error.

The order of the Panel is affirmed.

METZGER and PLANK, JJ., concur.