Robert POSTLEWAIT, Petitioner,

v.

**MIDWEST BARRICADE; USF&G; and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 94CA2151.

Colorado Court of Appeals, Div. IV.

Sept. 28, 1995.*

---

\* Opinion previously announced as non-published July 6, 1995 is now selected for publication.

Steven U. Mullens, P.C., James A. May, Colorado Springs, for Petitioner.

Ritsema & Lyon, P.C., Karl A. Schulz, Colorado Springs, for Respondents Midwest Barricade and USF&G.

No appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge KAPELKE.

Robert Postlewait (claimant) seeks review of a final order of the Industrial Claim Appeals Panel (Panel) awarding him temporary total disability benefits for approximately 3 months, and allowing respondents, Midwest Barricade (employer) and its insurer, USF&G, to reduce these benefits by one day's compensation for each of the 15 days claimant failed to report the injury. We affirm.

It is undisputed that claimant sustained a low back injury in the course of his employment on June 29, 1992. Claimant testified before the Administrative Law Judge (ALJ) that he orally reported the injury to his supervisor at the time of the injury; however, the supervisor's testimony contradicted this statement. Claimant also testified that he orally reported the injury to his employer three days after the occurrence of the injury and was told not to file a claim.

Claimant filed his claim for compensation on July 18, 1992, and he first sought treatment for the injury on July 29, 1992, when he visited his primary care physician. In an October 1992 report, this physician opined that claimant had a chronic back problem resulting from a 1987 injury, that the 1992 "reinjury" was not serious, and that he was released from treatment on September 25, 1992, with no permanent impairment.

Pursuant to § 8–42–107(8)(b), C.R.S. (1994 Cum.Supp.), claimant sought an independent medical examination (IME). The Division of Workers' Compensation (division) selected the IME physician, who concurred with the opinion of the primary care physician that claimant reached maximum medical improvement (MMI) on September 25, 1992, with no impairment attributable to the 1992 injury.

Claimant later returned to his primary care physician, who referred him to a neurosurgeon for further consultation. In the neurosurgeon's opinion, the 1992 injury constituted a new injury, for which he recommended surgery. Later, the primary care physician changed his mind and adopted the neurosurgeon's view that the 1992 injury was a new injury.

On this record, the ALJ found that claimant had failed to overcome, by clear and convincing evidence, the IME physician's finding that MMI was reached on September 25, 1992. Therefore, the ALJ awarded temporary total disability benefits for the period between June 30 to September 25, 1992. However, the ALJ found that, because claimant had failed to report the injury to employer in writing, as required by § 8–43–102(1), C.R.S. (1994 Cum.Supp.), until July 18, 1992, respondents were entitled to a penalty equivalent to one day's compensation for each of the fifteen days the injury was not timely reported. The Panel affirmed.

I.

Claimant first contends that the penalty was erroneously imposed because he substantially complied with the reporting requirement. We disagree.

Section 8–43–102(1)(a), C.R.S. (1994 Cum. Supp.) provides, *inter alia,* that an injured employee shall notify his or her employer *in writing* of the injury within four days of its occurrence. The failure to report the injury in writing subjects the employee to forfeiture of one day's compensation for each day's failure to so report. Unlike its predecessor statute, which had no requirement that the notice be written, *see* § 8–45–102, C.R.S. (1986 Repl.Vol. 3B) and *Jones v. Adolph Coors Co.,* 689 P.2d 681 (Colo.App.1984) (recognizing that verbal notice is sufficient), the current statute *does* impose a requirement that the notice of injury be in writing.

■ Since the imposition of penalties reduces the employer's liability for disability benefits, it is in the nature of an affirmative defense. Accordingly, the employer bears the initial burden of proving that it did not receive written notice of the injury. *See Johnson v. Denver Tramway Corp.,* 115 Colo. 214, 171 P.2d 410 (1946); *Valley Tree Service v. Jimenez,* 787 P.2d 658 (Colo.App. 1990) (burden of proof rests on party who asserts the affirmative of an issue).

■ However, once an employer presents *prima facie* evidence that the claimant did not timely report the injury, the burden shifts to the claimant to rebut that *prima facie* showing. *See Hansen v. Lederman,* 759 P.2d 810 (Colo.App.1988) (burden of

proof shifts to plaintiff to prove tolling once defendant makes *prima facie* showing that claim was brought outside statute of limitations).

■ Claimant argues, without explanation, that because his employer instructed him not to file a workers' compensation claim, he was somehow prevented from giving employer written notice of the injury. Inasmuch as filing a claim and giving written notice of an injury are two distinct actions under the Workers' Compensation Act, we fail to understand this line of reasoning.

■ Furthermore, claimant argues that his oral notices of injury constituted substantial compliance with the notice statute. However, we hold that, under § 8–43–102, oral notice to an employer of an industrial injury is insufficient and that strict compliance with the writing requirement is necessary.

■ Here, claimant failed to rebut employer's showing that he failed to give employer timely written notice of the injury. Hence, the Panel did not err in affirming the ALJ's imposition of a penalty on claimant.

## II.

Claimant's next contention is that the IME physician's opinion that he reached MMI on September 25, 1992, was overcome by clear and convincing evidence in the form of contrary opinion testimony by claimant's primary care physician and the neurosurgeon. Claimant argues that because the reports of his primary care physician and neurosurgeon were issued after the IME physician's finding of MMI, the ALJ was not free, under § 8–42–107(8)(b), to disregard this evidence that claimant had not yet reached MMI. We disagree.

A division of this court recently held that, under § 8–42–107(8)(c), C.R.S. (1994 Cum. Supp.), it is a question of fact for the ALJ to determine whether a party has overcome, by clear and convincing evidence, the opinion of a division-selected IME physician as to an impairment rating. *Askew v. Sears Roebuck & Co.,* 1995 WL 358355, — P.2d — (Colo. App. No. 94CA1932, June 15, 1995). The principles used in *Askew* relative to impair-

ment ratings under § 8–42–107(8)(c) also apply to the determination of MMI under § 8–42–107(8)(b).

■ Thus, we hold that whether a party has overcome the opinion of a division-selected IME physician as to MMI is a question of fact for the ALJ. The clear and convincing standard set forth in § 8–42–107(8)(b) is satisfied by a showing that the truth of a contention is highly probable. The ALJ is the sole arbiter of conflicting medical evidence, and the ALJ's findings are binding on review if supported by substantial evidence and plausible inferences drawn from the record. *See Askew v. Sears Roebuck & Co., supra.*

Initially, we note that the ALJ here did not "disregard" the opinions of the primary care physician and neurosurgeon that were issued after the IME physician's opinion on MMI. To the contrary, the ALJ expressly considered these reports, but chose to accept the original rather than the revised opinion of the primary care physician, and found that the opinion of the neurosurgeon did not constitute clear and convincing evidence overcoming the IME physician's opinion on MMI.

■ The opinion of the primary care physician as to MMI is entitled to deference only when the IME procedure has not been used. Thus, the ALJ was not bound to credit either of the reports issued by claimant's primary care physician, and we may not substitute our judgment for that of the ALJ in assessing the weight and sufficiency of the medical evidence. *See Cary v. Chevron U.S.A., Inc.,* 867 P.2d 117 (Colo.App.1993).

■ Since the determination of MMI is supported by substantial evidence, we will not disturb it on review and must affirm the termination of temporary total disability benefits as of the date of MMI. *See Burns v. Robinson Dairy, Inc.,* 1995 WL 358370, — P.2d — (Colo.App. No. 95CA0131, June 15, 1995) (pursuant to § 8–42–105(3)(a), C.R.S. (1994 Cum.Supp.), temporary total disability benefits must cease when a claimant reaches MMI).

The order of the Panel is affirmed.

· MARQUEZ and DAVIDSON, JJ., concur.