**BLUE MESA FOREST and Colorado Compensation Insurance Authority, Petitioners,**

v.

**Romolo L. LOPEZ and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 96CA0436.

Colorado Court of Appeals, Div. III.

Oct. 24, 1996.

Brandee L. DeFalco, Denver, for Petitioners.

Robert E. Krute, Montrose, for Respondent Romolo L. Lopez.

No Appearance for respondent The Industrial Claim Appeals Office.

Opinion by Judge JONES.

Blue Mesa Forest and its insurer, the Colorado Compensation Insurance Authority, (collectively CCIA) seek review of a final order of the Industrial Claim Appeals Panel which required them to pay temporary total disability (TTD) benefits to Romolo L. Lopez (claimant). We affirm.

The facts are undisputed. Claimant sustained an admitted occupational disease which resulted in problems to his upper extremities. The authorized treating physician issued a report stating the claimant reached maximum medical improvement (MMI) on March 9, 1994. Based upon this report, the CCIA terminated claimant's TTD benefits, and in a summary order, the Administrative Law Judge (ALJ) denied TTD benefits after the date of MMI until and unless claimant was successful in obtaining an independent medical examination (IME) under the provisions of § 8–42–107(8)(b), C.R.S. (1996 Cum. Supp.).

Claimant did not obtain an IME but, rather, continued to receive treatment by his authorized treating physician. Eventually, the authorized treating physician referred

claimant to an orthopedic specialist. The specialist opined that claimant had reached MMI on December 1, 1994, and the authorized treating physician, after reviewing the specialist's reports, agreed with and deferred to this later date of MMI.

Finding that the authorized treating physician had effectively retracted his first opinion concerning MMI and had adopted the specialist's opinion, the ALJ determined that the authorized treating physician's opinion was that claimant had reached MMI on December 1, 1994. The ALJ concluded that the parties were bound by this opinion of the authorized treating physician and, consequently, concluded that claimant was entitled to TTD benefits through December 1, 1994. The Panel affirmed.

The CCIA contends that once an authorized treating physician places a claimant at MMI, the IME provision in § 8–42–107(8)(b) is the exclusive means to challenge that first determination of MMI. Therefore, the CCIA argues, the ALJ is bound by the authorized treating physician's first determination as to MMI. We disagree.

█ Temporary disability benefits cease when, *inter alia*, the claimant reaches MMI. Sections 8–42–105(3)(a) and 8–42–106(2)(a), C.R.S. (1996 Cum.Supp.).

█ The determination of MMI for purposes of terminating temporary disability benefits is governed by § 8–42–107(8)(b), which provides that the initial determination of MMI shall be made by an authorized treating physician. *Aren Design, Inc. v. Becerra*, 897 P.2d 902 (Colo.App.1995).

█ If either party disputes the determination of MMI, the claimant must undergo an IME. *Colorado AFL–CIO v. Donlon*, 914 P.2d 396 (Colo.App.1995); *Burns v. Robinson Dairy, Inc.*, 911 P.2d 661 (Colo.App. 1995).

█ However, an IME is not a prerequisite to the ALJ's resolution of a factual dispute concerning which physician is an authorized treating physician within the meaning of § 8–42–107(8)(b), whether the physician made a determination of MMI, and the issuance of conflicting or ambiguous opinions

concerning whether the claimant has reached MMI. *See generally Burns v. Robinson Dairy, Inc., supra* (ALJ is not at liberty to disregard the attending physician's opinion that a claimant is released to return to employment, *unless* the record contains conflicting opinions from multiple attending physicians regarding a claimant's release to work). Therefore, where the authorized treating physician issues conflicting opinions concerning MMI, it is for the ALJ to resolve the conflict, and the ALJ may do so without requiring the claimant to obtain an IME. *See Metro Moving & Storage Co. v. Gussert*, 914 P.2d 411 (Colo.App.1995) (where medical evidence is susceptible to more than one inference, it is for the ALJ to resolve the conflict).

*Postlewait v. Midwest Barricade*, 905 P.2d 21 (Colo.App.1995) is not authority to the contrary. In that case, a division of this court upheld the ALJ's selection of the IME physician's opinion on MMI, over that of the treating physician and a later opinion of the neurosurgeon. There, the authorized treating physician retracted his opinion concerning MMI *after* the IME physician issued his opinion concerning MMI. The *Postlewait* division recognized that the opinion of the primary care physician as to MMI is entitled to deference only when the IME procedure has not been used.

█ Here, the IME procedure was not used by either party. Therefore, the fact that the authorized treating physician changed his opinion regarding MMI does not constitute a challenge to the IME physician's opinion. Rather, the retraction of the authorized treating physician's first opinion merely presents a question of fact for the ALJ concerning whether claimant was at MMI on March 9 or December 1, 1994.

The order of the Panel is affirmed.

ROTHENBERG and BRIGGS, JJ., concur.