Emily LYMBURN, Petitioner,

v.

SYMBIOS LOGIC; Insurance Company of the State of Pennsylvania; and the Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 97CA0214.

Colorado Court of Appeals, Div. IV.

Sept. 18, 1997.

Rehearing Denied Oct. 23, 1997.

Certiorari Denied Feb. 23, 1998.

The Law Office of Cynthia M. Pring, Kathleen W. Robinson, Colorado Springs; Diane M. Astourian, Colorado Springs, for Petitioner.

Senter Goldfarb & Rice, L.L.C., Karen Gail Treece, James B. Fairbanks, Denver, for Respondents Symbios Logic and Insurance Company of the State of Pennsylvania.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge KAPELKE.

In this workers' compensation proceeding, Emily Lymburn (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which denied her claim for temporary total disability (TTD) benefits. The principal issue is whether the Panel erred in holding, "as a matter of law, that an award of temporary total disability benefits must be supported by the opinion of a treating physician that, as a result of the industrial injury, the claimant is medically restricted from performing regular employment." We conclude that the ruling is erroneous and therefore set the order aside and remand with directions.

The pertinent facts as found by the Administrative Law Judge (ALJ) are as follows. Claimant suffered a compensable occupational disease in 1995, while employed at Symbios Logic (employer). In her job, claimant was required to engage in repetitive overhead reaching to adjust levers on a machine.

Claimant initially sought treatment from her personal physician for symptoms which included pain and stiffness in her left upper back and shoulder area. At her physician's recommendation, she also received treatment from a physical therapist. In addition, claimant's physician recommended that she have a work-site evaluation performed. However, when it appeared that the injury was work related, the physician declined to provide further treatment.

In connection with a work-site evaluation performed on January 24, 1996, claimant received suggestions regarding performance of her job skills. According to her testimony, however, no ergonomic changes were made to her work station. As a result of her injury, claimant missed several days of work and was given an attendance warning. To avoid being fired, she left her employment voluntarily on February 20, 1996. At that time, she requested a referral for medical treatment but was told that, because she had resigned, she would not be treated.

Claimant thereafter made only two attempts at working. The first employment ended after six hours when claimant experienced pain in her upper back and shoulder area and was unable to complete her shift. Claimant left the second position three days after the orientation because she felt that a pre-employment evaluation conducted by her prospective employer showed that her pre-existing injury would render her incapable of performing the job.

Based on these findings and a determination that claimant's testimony was credible, the ALJ concluded that claimant was not at fault for her separation from employment and that her wage loss was directly caused by her work injury. The ALJ therefore awarded temporary total disability (TTD) benefits beginning February 21, 1996, the day after claimant left her job with employer. The ALJ also awarded medical benefits.

On review, the Panel upheld the ALJ's finding that claimant suffered a compensable occupational disease and also affirmed the award of medical benefits. However, it reversed the ALJ's award of TTD benefits because claimant had not submitted a supporting medical opinion as part of her evidence.

I.

In this appeal, claimant contends that the Panel erred in requiring as a condition of

her recovery of TTD benefits that she present an opinion of her treating physician medically restricting her from her regular employment. We agree that the imposition of such a requirement constituted error.

Pursuant to §§ 8–42–103 and 8–42–105, C.R.S.1997, a claimant is entitled to an award of TTD benefits if: (1) the injury or occupational disease causes disability; (2) the injured employee leaves work as a result of the injury; and (3) the temporary disability is total and lasts more than three regular working days. *PDM Molding, Inc. v. Stanberg,* 898 P.2d 542 (Colo.1995).

The Panel's conclusion that a TTD award must be supported by the medical opinion of the attending physician was apparently derived in part from its reading of § 8–42–105(3), C.R.S.1997. That statute provides, in pertinent part, that:

Temporary total disability benefits shall continue until the first occurrence of any one of the following:

(a) The employee reaches maximum medical improvement;

(b) The employee returns to regular or modified employment;

(c) *The attending physician gives the employee a written release to return to regular employment; or*

(d)(I) The attending physician gives the employee a written release to return to modified employment, such employment is offered to the employee ... and the employee fails to begin such employment ....

(emphasis supplied)

In *Burns v. Robinson Dairy, Inc.,* 911 P.2d 661, 662 (Colo.App.1995), a division of this court, construing § 8–42–105(3), held that "unless the record contains conflicting opinions from attending physicians regarding a claimant's release to work, the ALJ is not at liberty to disregard the attending physician's opinion that a claimant is released to return to work." The division went on to note that any evidence concerning claimant's self-evaluation of his ability to perform his job was irrelevant and should be disregarded by the ALJ.

Relying on the holding in *Burns* and on a more recent unpublished opinion of a division

of this court, the Panel here held as a matter of law that an award of TTD benefits must be supported by an opinion of a treating physician that, as a result of the industrial injury, the claimant is medically restricted from performing regular employment. We disagree with this conclusion.

■ To determine the intent of the General Assembly in adopting a statute, we must first consider the plain meaning of the words used. If the language is clear and unambiguous, it is not necessary to resort to the rules of statutory construction and the statute must be applied as written unless such an application produces an absurd result. *Aren Design, Inc. v. Becerra,* 897 P.2d 902 (Colo. App.1995).

Section 8–42–105(3)(c), C.R.S.1997, specifically mandates the termination of TTD benefits when an attending physician releases a claimant to return to work. However, neither § 8–42–103 nor § 8–42–105 imposes a requirement for a physician's opinion with respect to the initial entitlement to receive TTD benefits. Were we to impose such a condition, we would be reading a non-existent provision into the Act. This we are not permitted to do. *See Jacoby v. Metro Taxi, Inc.,* 851 P.2d 245 (Colo.App.1993).

Our conclusion is bolstered by the fact that lay evidence has previously been accepted as sufficient proof of both causation and the inability to work. *See Gelco Courier v. Industrial Commission,* 702 P.2d 295 (Colo. App.1985) (evidence that claimant suffered a spinal injury combined with his testimony that the resultant back pain precluded his continued employment sufficiently supported an award of TTD benefits); *Savio House v. Dennis,* 665 P.2d 141 (Colo.App.1983) (substantial evidence of causation is not restricted to credible medical testimony, and conclusion that claimant's total disability was caused by her industrial injury was sufficiently supported by her testimony). While both *Gelco Courier* and *Savio House* involved prior versions of the Act, the General Assembly has not added any provision to the Act that would condition the recovery of TTD benefits on proof of receipt of a physician's

opinion medically restricting the claimant from regular work.

## II.

■ Claimant next contends that the evidence before the ALJ was sufficient to support the award of TTD benefits. We agree.

■ An ALJ's factual determinations are binding on review if there is substantial evidence in the record to support them. *Cary v. Chevron U.S.A., Inc.*, 867 P.2d 117 (Colo. App.1993).

Here, in addition to her own testimony regarding the circumstances of her injury and resignation from employment, claimant placed in evidence notes of her personal physician which recognized that her injury might be work related. Other evidence included the physical therapist's notes which confirmed claimant's symptoms and related the improvement claimant experienced when she received treatment. Further, the physician who conducted the evaluation before claimant's second attempt at employment acknowledged that her symptoms might be aggravated by performance of her contemplated job duties and recommended that a full capacity evaluation be completed to delineate the temporary or permanent restrictions necessary to prevent an aggravation of her pre-existing injury.

Viewed cumulatively, this evidence provides substantial support for the ALJ's determination that claimant had suffered a wage loss as a result of her injury and was, therefore, entitled to TTD benefits. *See El Paso County Department of Social Services v. Donn*, 865 P.2d 877 (Colo.App.1993).

The order of the Panel is set aside, and the cause is remanded for reinstatement of the ALJ's award of TTD benefits.

JONES and ROY, JJ., concur.