**TOWN OF IGNACIO and Colorado Intergovernmental Risk Sharing Agency, Petitioners,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO and Diane L. Garner, Respondents.**

No. 01CA2024.

Colorado Court of Appeals,
Div. IV.

Nov. 7, 2002.

As Modified on Denial of Rehearing
April 10, 2003.

Ritsema & Lyon, P.C., Susan K. Reeves, Gina L. Gradecki, Colorado Springs, Colorado, for Petitioners.

No Appearance for Respondent Industrial Claim Appeals Office.

Dawes and Harriss, P.C., Gail C. Harriss, Durango, Colorado, for Respondent Diane L. Garner.

Opinion by Judge DAILEY.

In this workers' compensation proceeding, Town of Ignacio and its insurer, Colorado Intergovernmental Risk Sharing Agency (collectively employer), seek review of the final order issued by the Industrial Claim Appeals Office (Panel) upholding the award of medical benefits. We set aside the order and remand for further proceedings.

Diane L. Garner (claimant) sustained an admitted work injury to her left hand on March 2, 1995. Claimant underwent surgeries on her thumb in February and September 1996. The surgeon placed her at maximum medical improvement (MMI) on December 24, 1996, and assigned her an eleven percent upper extremity rating.

Claimant's symptoms worsened, and she returned to the surgeon on February 18, 1998. The surgeon recommended additional treatment and reported that she was no longer at MMI. Claimant therefore filed a petition to reopen on March 30, 1998, and her claim was voluntarily reopened by employer when it filed a general admission of liability on October 9, 1998.

Between claimant's return to the surgeon and the reopening of her claim, the surgeon retired and closed his practice. Employer then referred claimant to another physician, who evaluated her on September 15, 1998. The physician declined to give a surgical opinion because of the complexity of claimant's condition, but recommended further evaluation by x-ray and selective injection under fluoroscopy in an attempt to isolate her symptoms. The injection occurred on October 3, 1998, and on October 9, 1998, the physician reported that claimant required evaluation by a specialist to determine whether additional surgery was needed. The physician opined that the injections had confirmed claimant's pain was emanating from the basilar joint, the site of her prior surgeries.

The hand specialist referred by the physician examined claimant on October 22, 1998. He did not recommend either a fusion or an exploration of the joint, but indicated claimant might consider the latter procedure if she could not live with her pain. The hand specialist did not see claimant again. However, on a form dated February 9, 1999, the hand specialist stated claimant had reached MMI on October 22, 1998.

Following an evidentiary hearing on claimant's request for a change of physician, the Administrative Law Judge (ALJ) concluded that there was a conflict in the evidence among treating physicians regarding whether claimant had attained MMI in light of her worsened condition. The ALJ found that neither the surgeon nor the physician had considered claimant to be at MMI. The ALJ then observed that he had the authority to resolve the conflict as a factual matter and found that claimant was not at MMI. He further determined that because claimant's prior surgeon had retired, a change of physician was necessary. He therefore granted her request and designated the physician as her authorized treating physician.

Employer sought review, but because the ALJ's order did not award benefits, the Panel held that it was interlocutory and dismissed the petition. Subsequently, the matter again came before an ALJ for hearing. The ALJ entered an order requiring employer to pay for the treatment rendered by the physician. On review of that order, employer again contested the prior determination that claimant had not reached MMI for her worsened condition. The Panel upheld the order, and employer now appeals that issue to this court.

■ Employer contends that the Panel erred in upholding the ALJ's determination that claimant had not reached MMI, based upon the ALJ's resolution of the conflicts in the opinions of the three physicians. We agree, but conclude further proceedings are necessary.

Section 8–42–107(8)(b)(I) & (II), C.R.S. 2002, provide that, if either party disputes an MMI finding by "an authorized physician," a division-sponsored independent medical examination (DIME) may be requested, and the opinion of the DIME physician will carry presumptive effect unless overcome by clear and convincing evidence. *See Magnetic Eng'g, Inc. v. Indus. Claim Appeals Office,* 5 P.3d 385, 388 (Colo.App.2000).

■ A DIME is a prerequisite to any hearing concerning the validity of an authorized treating physician's finding of MMI, and, absent such a DIME, an ALJ lacks jurisdiction to resolve a dispute concerning that determination. *See Story v. Indus. Claim Appeals Office,* 910 P.2d 80, 82 (Colo. App.1995).

■ Here, the issue is whether the specialist qualified as an authorized treating physician, for purposes of § 8-42-107(8)(b)(I) & (II). We conclude that he did.

The specialist was a "treating" physician because he examined claimant not in anticipation of litigation or simply for purposes of providing a disability rating, but to determine whether additional surgery was needed to alleviate claimant's pain. *See Miller v. Lake Forest, Inc.,* 370 So.2d 647, 651 (La.Ct. App. 1979) (rejecting, in workers' compensation action, argument that bills should be disallowed because physicians did not treat claimant: "While these specialists did not provide a course of treatment, they did examine plaintiff for purposes of medical assistance and not merely in preparation for the . . . trial."); *see also Hester v. Ford,* 221 Ala. 592, 130 So. 203, 206 (1930) (medical malpractice action: "In common parlance and often in the law, 'treatment' is the broad term covering all the steps taken to effect a cure of the injury or disease; it includes examination and diagnosis as well as application of remedies."); *Robinson v. Howard Hall Co.,* 219 So.2d 688, 691 (Fla. 1969) (workers' compensation case: "The statute in requiring remedial treatment to be provided an employee contemplates that a preliminary medical examination may be necessary as an incident to such treatment.").

Further, the specialist qualified as an "authorized" treating physician because claimant had been referred to him by another authorized treating physician, namely the physician selected by employer. *See Bestway*

*Concrete v. Indus. Claim Appeals Office,* 984 P.2d 680, 684 (Colo.App. 1999) ("[T]he designation 'authorized treating physician' includes not only those physicians to whom an employer directly refers a claimant, but also those to whom a claimant is referred by an authorized treating physician.").

Because the specialist was an "authorized treating physician," under the plain language of § 8-42-107(8)(b), C.R.S. 2002, the exclusive method of challenging his MMI opinion was through a DIME. The ALJ could not, then, determine MMI, in derogation of the specialist's opinion, based on the opinions of the other two authorized treating physicians in this case.

In finding to the contrary, the ALJ and the Panel relied upon *Blue Mesa Forest v. Lopez,* 928 P.2d 831 (Colo.App.1996). However, that case was decided under the former version of § 8–42–107(8)(b), which required a DIME to dispute an MMI determination made by *"the* authorized treating physician who has provided the *primary care"* to the employee (emphasis added). In *Blue Mesa Forest,* a conflict arose when the primary treating physician retracted his opinion of the date of MMI and adopted a later date as determined by a specialist. The division in that case found that, where the authorized primary care treating physician issues conflicting opinions concerning MMI, it is for the ALJ to resolve the conflict, and the ALJ may do so without requiring the claimant to obtain a DIME. *Blue Mesa Forest v. Lopez, supra,* 928 P.2d at 833.

The *Blue Mesa Forest* case, then, involved the resolution of conflicting opinions of one physician, and the ALJ therefore was not faced with a conflict involving the competing MMI determinations of multiple treating physicians.

The division in *Blue Mesa Forest* never specifically stated that an ALJ has the power, in the absence of a DIME, to decide such contests. Although the division generally relied on *Burns v. Robinson Dairy, Inc.,* 911 P.2d 661, 662 (Colo.App.1995), which recognized an ALJ's authority to disregard an otherwise conclusive release to work by the attending physician when multiple attending physicians had issued conflicting opinions,

that case concerned the termination of temporary disability benefits. The statutory process involved in the termination of temporary disability benefits based upon a release to work does not afford any opportunity similar to the DIME procedure to challenge the effect of the release. *See Bestway Concrete v. Indus. Claim Appeals Office, supra,* 984 P.2d at 685.

Consequently, we conclude that the Panel erred in relying on *Blue Mesa Forest* (or even *Burns* ) as legal authority for the proposition that an ALJ can make MMI determinations based on differences in the opinions of authorized treating physicians.

■ The remaining question is whether the specialist who treated claimant made an MMI determination that was challengeable, if at all, only through the use of a DIME. Although the specialist purported to make an MMI determination, he also stated that claimant might seek additional surgery if her pain continued, implying that claimant was not at MMI. *See* § 8–40–201(11.5), C.R.S. 2002 (defining MMI as that "point in time when any medically determinable physical or mental impairment as a result of injury has become stable and when no further treatment is reasonably expected to improve the condition"); *Magnetic Eng'g, Inc. v. Indus. Claim Appeals Office, supra,* 5 P.3d at 388 (recommendation that surgery be explored provides sufficient support for an inference that the physician did not believe MMI had been reached).

We conclude that the specialist's report was ambiguous with respect to MMI and that the matter must be remanded for a factual determination as to whether the specialist found claimant to be at MMI. *Cf. MGM Supply Co. v. Indus. Claims Appeals Office,* 62 P.3d 1001, 1005 (Colo.App. 2002)(ALJ must resolve ambiguities in DIME physician's report regarding whether claimant is at MMI).

The order of the Panel is set aside, and the case is remanded with directions that the ALJ determine whether, consistent with the views expressed in this opinion, claimant was at MMI and, accordingly, whether claimant was entitled to the relief requested. In re-

solving these issues, the ALJ has the discretion to receive further evidence.

Judge TAUBMAN and Judge CRISWELL * concur.