**Barbara CABELA, Petitioner and Cross–Appellee,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado, Respondent,**

and

**United Parcel Service and Liberty Mutual Group, Respondents and Cross–Appellants.**

**No. 07CA2528.**

Colorado Court of Appeals, Div. III.

Nov. 13, 2008.

Law Office of O'Toole & Sbarbaro, P.C., Neil D. O'Toole, Denver, Colorado, for Petitioner and Cross–Appellee.

John W. Suthers, Attorney General, Mary K. Maldonado, Special Assistant Attorney General, Denver, Colorado, for Respondent.

Weinberger & Cavanaugh, P.C., Robert A. Weinberger, Denver, Colorado, for Respondents and Cross–Appellants.

Opinion by Judge ROMÁN.

In this workers' compensation proceeding, United Parcel Service, and its insurer, Liberty Mutual Group (collectively employer), seek review of the final order issued by the Industrial Claim Appeals Office (Panel) upholding the determination by an administrative law judge (ALJ) that injuries sustained by Barbara Cabela (claimant) are compensable. The claimant seeks review of the final order, but only insofar as it denies certain medical benefits. We affirm the order in part, set it aside in part, and remand for further proceedings.

In 2006, claimant sustained an injury to her right knee while at work. Employer referred her to a physician (one of employer's physicians) who released her to full duty two days after the incident. Claimant resumed full duty, but again requested medical treatment two days later. Claimant returned to the same medical group, but saw a different physician (another of employer's physicians), who opined that he could see no direct link between her work with employer and the injury. The physician stated that claimant was at maximum medical improvement (MMI) and could return to full duty. He also recommended that she follow up with her personal physician.

Claimant did not attend a subsequent appointment that had been scheduled with employer's physician or respond to letters requesting that she reschedule the appointment. Instead, claimant sought treatment with an orthopedic surgeon who was referred by her private physician. The surgeon placed claimant on restricted duty and recommended further treatment. Claimant did not return to her work with employer after seeing the surgeon.

Following an evidentiary hearing, the ALJ found that claimant's injury was work related. The ALJ also found that, although employer's physician referred claimant to her personal physician for treatment, he did so under the mistaken belief that her injury was not compensable. The ALJ concluded that the referral did not occur in the ordinary course of treatment of the compensable injury and that, because a follow-up appointment had been scheduled with employer's physician, there was no refusal to treat claimant. The ALJ found that the surgeon thus did not become an authorized treating physician and that employer was not responsible for the cost of the care he provided to claimant. The ALJ further denied the claim for TTD benefits as of the date employer's physician placed claimant at MMI.

The Panel upheld the order on review.

## I. Compensability

■ Employer contends that the ALJ erred in determining that claimant's injury arose out of her employment when the evidence establishes, instead, that her knee gave out while she was standing or walking, that there were no special work hazards present, and that the incident was precipitated by a pre-existing knee problem. We disagree with employer's characterization of the evidence and find no error.

■■ To be eligible for benefits under the Workers' Compensation Act, section 8–41–301(1)(c), C.R.S.2008, requires that a claimant prove his or her disability was proximately caused by an injury or occupational disease arising out of and in the course of the employee's employment. *Faulkner v. Indus. Claim Appeals Office,* 12 P.3d 844, 846 (Colo. App.2000). An injury "arises out of" employment when it has its origin in an employee's work-related functions and is sufficiently related to those functions to be considered part of the employee's employment contract. *Horodyskyj v. Karanian,* 32 P.3d 470, 475 (Colo.2001).

■ The question whether the claimant has proved that his or her injuries arose out of and in the course of the employment is one of fact for determination by the ALJ, *see Wal–Mart Stores, Inc. v. Indus. Claims Office*, 989 P.2d 251, 252 (Colo.App.1999), whose finding must be upheld if it is supported by substantial evidence and plausible inferences drawn from the record. § 8–43–301(8), C.R.S. 2008; *Univ. Park Care Ctr. v. Indus. Claim Appeals Office*, 43 P.3d 637, 641 (Colo.App. 2001).

Here, claimant testified that she felt a pop in her knee as she was sealing a cargo container she had just loaded and it gave out without warning when she pivoted to begin loading a second container. This testimony is sufficient to support the ALJ's finding of a causative connection between claimant's work functions and her injury.

Employer argues claimant acknowledged telling employer's physician that she could tell something was wrong with her knee as she was standing and signing papers on the first container, but explained that she was not then experiencing any significant pain. However, rather than conclusively proving the absence of a causative link, as employer argues, the statement, when taken in context with the rest of claimant's testimony, supports the ALJ's finding that the injury occurred when claimant felt the pop in her knee and further manifested itself when her knee gave out as she began loading the second container. Moreover, the statements taken from claimant by employer and employer's physicians, and upon which employer relies, did not include the same level of detail or chronological background. It was for the ALJ to assess claimant's credibility and to determine the weight to be given her various statements. *See Kroupa v. Indus. Claim Appeals Office*, 53 P.3d 1192, 1197 (Colo.App. 2002) (the ALJ resolves conflicts in the evidence, makes credibility determinations, determines the weight to be accorded to expert testimony, and draws plausible inferences from the evidence).

We further conclude that the limited evidence of claimant's 2000 automobile accident and the fact that it may have involved symptoms of bilateral knee pain did not compel a finding that claimant was suffering from a pre-existing condition that precipitated her present injury and need for medical treatment.

Consequently, we are satisfied that the ALJ's determination of compensability has substantial support in the record and must be affirmed. § 8–43–308, C.R.S.2008.

## II. Medical Benefits

■ Claimant contends that the ALJ and the Panel erred in determining that the referral by employer's physician to her personal physician was invalid simply because the employer's physician was mistaken regarding the issue of causation. Claimant thus argues that the referral to her personal physician and the further referral to the surgeon were valid, such that employer is responsible for the costs of her treatment with the surgeon. We agree.

■ Treatment is compensable under the Act where it is provided by an "authorized treating physician" (ATP). *Bunch v. Indus. Claim Appeals Office*, 148 P.3d 381, 383 (Colo.App.2006). If the employee obtains unauthorized medical treatment, the employer or its insurer is not required to pay for it. *Yeck v. Indus. Claim Appeals Office*, 996 P.2d 228 (Colo.App.1999).

> Employers are liable for the expenses incurred when, as part of the normal progression of authorized treatment for a compensable injury suffered by a claimant, an authorized treating physician refers a claimant to one or more other physicians. Thus, the designation "authorized treating physician" includes not only those physicians to whom an employer directly refers a claimant, but also those to whom a claimant is referred by an authorized treating physician.

*Bestway Concrete v. Indus. Claim Appeals Office*, 984 P.2d 680, 684 (Colo.App.1999) (citation omitted).

Whether a referral has been made is a question of fact for determination by the ALJ. *City of Durango v. Dunagan*, 939 P.2d 496, 500 (Colo.App.1997).

As the ALJ found, employer's physician, an ATP, referred claimant to her personal primary care physician. The referral reflects no purpose other than treatment for claimant's knee problems, and claimant's testimony indicates that she understood the referral to be for treatment of her knee. Indeed, the ALJ found that claimant sought medical attention for her knee from her primary care doctor. Thus, even if employer's physician provided the referral under the mistaken belief that the knee condition was not work related, we perceive no factual basis for the ALJ's conclusion that the referral was made outside the ordinary course of treatment. Instead, we hold that the risk of mistake by an ATP in concluding that an injury is noncompensable lies with the employer. We thus conclude the referral made here was in the ordinary course of treatment. *See Town of Ignacio v. Indus. Claim Appeals Office*, 70 P.3d 513, 515 (Colo.App.2002) (a specialist is a "treating" physician if some sort of medical assistance is rendered and the examination is not performed in anticipation of litigation or for purposes of rating a disability).

Further, a claimant can receive treatment from multiple authorized physicians. *See Town of Ignacio*, 70 P.3d at 516; *Bestway Concrete*, 984 P.2d at 685. Therefore, it is not necessary that we determine whether the referral to claimant's personal physician constituted an implicit refusal to provide treatment that triggered a transfer of the right of selection.

Accordingly, we conclude that claimant's personal physician became an ATP as a result of the referral made by employer's physician and that the surgeon referred by claimant's personal physician also became an ATP as part of the chain of referral. The ALJ, therefore, erred in concluding that the surgeon's treatment was not authorized.

Because the ALJ determined that the surgeon's treatment was reasonably needed to cure and relieve claimant from the effects of the compensable injury, and that finding has not been challenged, employer is responsible for the medical costs of that treatment. Thus, on remand an appropriate award of medical costs should be entered.

The order is set aside as to the claim for the disputed medical costs and the case is remanded for further proceedings as directed. The order is affirmed in all other respects.

Judge CASEBOLT and Judge LOEB concur.